MENKINS, Respondent, *vs.* BLUMENTHAL, Appellant.

1. Where a deed describes the land conveyed by reference to a survey of a town, and only one survey is offered in evidence, the description in the deed must be taken, as a matter of law, to refer to that survey.
2. A plaintiff in ejectment cannot recover land not embraced by the description in the deed under which he claims, although his grantor, holding under a deed with a similar description, may have acquired title to it by possession or otherwise.

*Appeal from St. Louis Court of Common Pleas.*

The facts are sufficiently stated in the opinion of the court. The fifteenth instruction asked by the defendant, and refused by the court below, was as follows:

"Under and by virtue of the deed in evidence from Wilson Primm to plaintiff, the plaintiff acquired no title to any land lying south of the southern boundary line of the north-east and north-west quarters of block 53, in the town of Carondelet, as the same is designated and laid down on the plat of survey of said town."

In lieu of this, the court instructed the jury to find for the defendant, if they believed that the survey offered in evidence was the same one referred to in the deed under which the plaintiff claimed.

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*F. A. Dick*, for appellant.   The court erred in refusing the fifteenth instruction asked by the defendant, which told the jury what land was included in the deed to plaintiff.   17 Mass. 211.   *Soulard* v. *Allen*, 18 Mo. Rep.   *Mellon* v. *Hammond*, 17 Mo. Rep. 191.

*C. C. Whittelsey*, for respondent.   1. The plaintiff showed a confirmation by the act of 1812.   2. He showed a title by an adverse possession of fifty years of those under whom he claims.   3. The defendant was estopped by his own acts and those of his grantors, in establishing a boundary.   *Taylor & Mason* v. *Zepp*, 14 Mo. Rep. 482.   16 Mo. Rep. 273.   4. The question, whether the land claimed is embraced in the plaintiff's deeds, was a question of fact for the jury, who have passed upon it.   It depended upon the question, whether the survey of Eiler was the one referred to in the deeds or not.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff brought his action to recover possession of a piece of ground in Carondelet, describing it as being part of block No. 53.   He showed a certificate from the recorder of land titles, issued under the act of 26th May, 1824, to Amable Guion's legal representatives, for a lot in block 53, the boundaries of which are given, and which include 160 feet 7½ inches on Church street, by 320 feet on E. street, bounded on the north by E. street, east by Church street, west by Third street, and south by the balance of the square.   The plaintiff showed title under the heirs of Amable Guion, by a deed to Drake, and a deed for an undivided moiety from Drake to McDonald, proceedings in partition between McDonald's heirs and

Wilson Primm, who appears to have acquired the title of Drake to the other moiety, by which proceeding, the eastern half of the lot acquired by Drake was assigned to Primm, and the western half to McDonald's heirs. The deed to Drake from Guion's heirs describes the ground as " designated on the plat of survey of said town as the north-east and north-west quarters of block No. 53." The deed from Drake to McDonald, which conveys an undivided moiety, describes the ground 'n the same words. The proceedings in partition, which allot to Primm the north-east quarter of block No. 53, describe the whole land divided, in the same words used in the deed to Drake. The deed from Primm to the plaintiff conveys a lot containing one hundred and fifty feet square, French measure, bounded on the north by E. street, east by Second street, west by the heirs of James R. McDonald, and south by the balance of the square, being the same lot which was allotted to said Primm in the proceeding in partition, &c. Evidence was given to show that, while Primm owned the lot assigned to him in the partition, he and Josette Wilson, who owned the south-eastern quarter of the block now claimed by defendant, had agreed to a boundary between them, by which Primm's possession was extended over the part of the square now in controversy, which is seventy-four and a half feet on Second street, and is, altogether, south of the middle line of the block known as block No. 53. A survey of the town of Carondelet, made by Eiler, was given in evidence, and surveys, under the authority of the United States, of the confirmations in block 53. The defendant claimed under a certificate of confirmation, issued by the recorder of land titles, and a survey which gave the south-east quarter of the block to the representatives of Hunot. There was also in evidence a survey made in the cause, under an order of the court.

1. As there was but one survey of the town given in evidence, being that which was made by Eiler, previous to any conveyance made by Guion's representatives, and as no other survey of said town was alluded to in the evidence, the descrip-

tion of the property in the deeds to Drake, to McDonald and to the plaintiff, must be taken, as a matter of law, to refer to that survey, when using the words " as designated on the plat of survey of said town," &c., and if the north-east and north-west quarters of block No. 53, as designated on the plat of survey of the town, do not include the property in controversy, then the deeds using such description do not convey the title to it.

2. Now, upon this point, the evidence was all on one side, for there was no evidence given of any other survey than that made by Eiler, and the plat of his survey appears to have been filed in the recorder's office as the survey of the town. The United States surveys of the lots in block No. 53, appear also to correspond with this survey of Eiler, and the survey made in the cause which conformed to the surveys of Eiler and those of the lots made under the authority of the United States, shows that the property in controversy lies in the south-east quarter of the block, and that, consequently, it could not be included in the description given in the deeds under which the plaintiff claims. It may be true, that the ground in controversy was really cultivated and possessed by Amable Guion, so as to be confirmed to him by the act of 13th June, 1812, or it may be true that the boundary between Primm and Josette Wilson, under whom defendant claims title, may have been so established by the agreement of the parties and their subsequent occupancy, that the defendant may not be at liberty to dispute the title of Primm up to such boundary line, but upon neither supposition can the plaintiff recover under a deed that does not convey the property to him. If Amable Guion's original possession included the property in controversy, so that the title was confirmed by the act of 1812, the question still remains, do the deeds, under which the plaintiff claims title, bring that title down to him? If an agreement between Primm and Josette Wilson, in relation to their boundary, and their subsequent occupancy according to the agreement, estop her and those claiming under her, from denying the extent of Primm's lot, the question still remains, does the deed from Primm to

the plaintiff convey the ground to the boundary so established, which includes a part of the south-east quarter of the block? Upon the evidence of the survey of the town before the jury, it is clear that the plaintiff could not, under the deeds, claim any part of the south-east quarter of the block in the occupation of the defendant, as that block was laid down upon the plat of survey of the town. The instruction, numbered fifteen, among the instructions of defendant, which were refused, should have been given. Several instructions upon the same point were given by the court, but they were more reduced and qualified than the law required they should be, where the evidence was such as was given in this case.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.