# Hart *v.* Ross & Garner.

## *Statutory Action in Nature of Ejectment.*

1. *Recorded deed; when admissible evidence, without proof of execution.*—Under the general statute (Code, § 2154), a recorded deed is admissible in evidence, without proof of its execution, only when it was recorded within twelve months from its date; but, under the special statute approved March 20, 1875 (Sess. Acts 1874–5, p. 180), the same effect was given to deeds which were recorded within twelve months after its passage, saving the rights of creditors and purchasers without notice.

2. *Same; repealing statutes.*—The omission of this special statute from the Code of 1876, if operating its repeal, would not destroy the force and effect of a deed duly registered while it was in existence; and in a suit which was pending when the Code became operative, such deed would be admissible evidence under the statutory exception (§ 10), which continues in force laws then existing as to all rights and remedies then subsisting, and which materially modifies the general principle as to the retroactive operation of repealing statutes.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES E. COBB.

This action was brought by Thomas D. Hart, against Battle Ross and James Garner, to recover the possession of a tract of land, with damages for its detention; and was commenced on the 21st July, 1875. The plaintiff claimed the land under a deed from J. T. Baggett and wife, which was executed in Cooke county, Texas, dated the 6th April, 1874, and attested by two witnesses; and which, as shown by the certificates indorsed on it, was proved by one of the subscribing witnesses, on the day of its date, before a notary public in Texas, whose certificate of the fact is in the language of the statute (Code, § 2159); and was filed for record in the office of the probate judge of Chambers county, Alabama, on the 20th January, 1876, and recorded by him on the 25th February, 1876, as shown by his certificate. On the trial, as the bill of exceptions states, "the plaintiff offered said deed in evidence, in connection with said several certificates, but without any other evidence of its execution than is disclosed

[Hart v. Ross & Garner.]

by said certificates." The defendants objected to its intro-
duction as evidence, " on the ground that its execution was
not proved; which objection the court sustained, holding
that said deed, in connection with said certificates, was not
self-proving, and that its execution must be proved." In
consequence of this ruling, to which the plaintiff duly ex-
cepted, he was compelled to take a nonsuit; and he now
moves to set aside the nonsuit, assigning as error the exclu-
sion of the deed as evidence.

J. R. DOWDELL, for appellant.

W. H. BARNES, contra.

BRICKELL, C. J.—When this cause was before this court
at a former term, it was decided, that the execution of the
deed, under which the plaintiff claims title, was proved by
one of the subscribing witnesses in the form, and the pro-
bate certified by an officer having authority to take and cer-
tify it, in accordance with our statutes, and that no other
evidence of its execution was necessary to its admissibility.
*Hart v. Ross*, 57 Ala. 518. Conveyances, acknowledged (or
proved) and certified as authorized by the statutes, are ad-
missible in evidence, without other proof of execution, only
when recorded in the proper office within twelve months
from their date.—Code of 1876, § 2154. This deed was not
recorded within that period; but, in the decision to which
we have referred, this defect was cured by its registration
within twelve months after the enactment of the statute,
approved March 20, 1875, which authorized its registra-
tion within that period, and gave to it, when registered, all
the force and effect it would have had, if it had been regis-
tered within twelve months from its execution, saving the
rights of *bona fide* creditors and purchasers without notice.
Pamph. Acts 1874–5, p. 180. True, this statute does not
seem to be carried into the Code of 1876. But, if we were
to concede that the omission operates its repeal, the force
and effect the deed had acquired, while it was in existence,
would not be destroyed. Generally, it may be true, that
repealing statutes, not operating to infringe vested rights,
affecting only rules of evidence or remedies, have a very
large retroactive operation. The rule is materially modified
as to the Code, by the 10th section thereof, which declares:
" This Code shall not affect any existing right, remedy, or
defense; nor shall it affect any prosecution now commenced,
or which shall hereafter be commenced, for any offense
already committed. As to all such cases, the laws of force

(7)

at the adoption of this Code shall continue in force."
When the Code became operative, this suit was pending;
the deed had been legally registered, and was a legal instru-
ment of evidence ; and this section of the Code preserves it
for all the purposes of the suit.

The Circuit Court erred, in not admitting the deed in
evidence ; and for the error, the nonsuit must be set aside,
and the cause remanded.