[Tranum v. Wilkinson.]

# Tranum *v.* Wilkinson.

*Statutory Action in the Nature of Ejectment.*

1. *General objection to evidence.*—When a mortgage is offered in evidence, which is described as "from and signed by H. and E ," and the bill of exceptions states that "the defendant objected to the introduction of said mortgage, the court overruled the objection, and defendant excepted;" the objection does not raise any question as to the execution of the instrument, or the sufficiency of the certificate of probate.

2. *Description of land in mortgage; parol evidence identifying.*—Where the lands conveyed by a mortgage are therein described as "320 acres of land known as the Middlebrooks place, where the said H. lived last year, and where T. now lives," the mortgage is not void for uncertainty, and parol testimony may be received to identify the lands.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by appellee for the recovery of land. The bill of exceptions recites that, "the plaintiff offered in evidence a mortgage from S. J. Webb and wife, Mary Webb, to W. W. Wilkinson, dated October 26th, 1875. Also a mortgage *from and signed by* W. J. Hurston and G. A. Edwards." The last named mortgage describes the land as "320 acres of land known as the Middlebrooks place, where the said Hurston lived last year, and where Henry Tally now lives." The certificate of probate did not contain the statements that the certifying witness attested the instrument," in the presence of the other witness, and that such other witness subscribed his name as a witness in his presence." "To the introduction of said mortgage the defendants objected." The objection was overruled and parol testimony was admitted to show what lands were known as the "Middlebrooks place, &c." "The defendants moved the court to exclude from the evidence before the jury the mortgage from W. J. Hurston and G. A. Edwards to W. W. Wilkinson, dated January 10, 1871, upon the following grounds: First, that said mortgage was illegal and void for uncertainty in description; second, that the certificate of probate as taken by the notary public attached to and upon said mortgage was insufficient because it did not have the notarial seal attached."

PARKS & SON, for appellant.

[Fleming v. McGee.]

I. H. PARKS, contra.

STONE, C. J.—The recital in the bill of exceptions is, that the " plaintiff offered in evidence . . a mortgage from, and signed by W. J. Hurston and G. A. Edwards." The exception is, " to the introduction of said mortgage the defendant objected. The court overruled the objection, and the defendant excepted." It is here urged that the certificate of proof by one of the subscribing witnessess, that the grantors executed the mortgage, failed to conform to the statutory requirements, and therefore the court erred in allowing the mortgage to go in evidence to the jury. The question of the execution of the mortgage was not raised by the objection, and we need not consider the sufficiency of the certificate. That certificate and its sufficiency could only be material, when it was relied on as a substitute for proof by the subscribing witnesses. In other words, when it was claimed the mortgage was self-proving.—Code of 1876, § 5154 ; Hart v. Ross, 64 Ala. 96 ; Bancum & Jenkins v. George, 65 Ala. 259 ; Boykin v. Smith, ib. 294 ; Coker v. Ferguson, 70 Ala. 284 ; Rosney v. Moss, 76 Ala. 491. The recital in the bill of exceptions that the mortgage was " from and signed by " the mortgagors, repels all inference and presumption that the defect in the certificate, or, of proof of execution, was the ground of objection.—March v. England, 65 Ala. 275.

The mortgage from Webb and wife is not in the transcript and we can not consider it.

The description of the land in the mortgage is not void for uncertainty, and there was no error in receiving parol testimony to show what particular lands were known as the " Middlebrooks place, where the said Hurston lived last year, and where Henry Tally now lives."—Boncum v. George, 65 Ala. 259 ; Driggers v. Cassady, 71 Ala. 529 ; see Chambers v. Ringstaff, 69 Ala. 140 ; Meyer v. Mitchell, 75 Ala. 475.

Affirmed.

*Statutory Action in the Nature of Ejectment.*

