# Gaston *et al.* v. Weir.

| 84 | 193 |
| 97 | 506 |

### Statutory Action of Ejectment.

1. *Description of lands in conveyance*—A conveyance of "forty-seven and a fourth acres of the west part of the north half of the north-west quarter of section one," necessarily includes the whole of the north-west quarter of the north-west quarter of said section, and seven and one-fourth acres off the west end of the north-east quarter of the north-west quarter of said section, extending across the entire forty acres; and it is admissible as evidence in an action to recover any part of the lands included.

[Gaston et al. v. Weir.]

2. *Specific objection to evidence.*—An objection to the admission of evidence on a single specified ground, is a waiver of all other grounds of objection.

3. *Conveyance by husband to wife.*—A conveyance of land by the husband, to the wife directly, does not devest the legal title out of him, nor prevent him from afterwards maintaining an action in his own name to recover the possession.

4. *Execution of conveyance; who are grantors.*—A conveyance which purports to be executed by the wife only as party of the first part, but which is also signed by the husband, the names of both being mentioned as grantors in the certificate of probate, does not devest any legal title out of the husband.

5. *Description of lands in conveyance.*—A conveyance of "nine and three-quarter acres lying in the north half of the north-west quarter of section one," without other identifying and descriptive words, is void for uncertainty.

6. *Parol evidence in aid of deed.*—Parol evidence of attendant explanatory facts is frequently admitted, in aid of an imperfect description of lands in a conveyance; but such evidence can not be received to show that the land sued for "was the land intended to be conveyed."

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN MOORE.

All facts necessary to show what was decided in this case are set out in the opinion, except the certificates to two deeds, which are here given. The bill of exceptions recites, that the execution of the deed from Spiva to Ballard was proved. The certificate of the deed from Ballard to Oxford was as follows:

"State of Alabama, ⎱ I, George M. Hamner, an acting County of Wilcox, ⎰ justice of the peace in and for said county, hereby certify that R. J. Ballard and Mary A. Ballard, whose names are signed to the foregoing conveyance and who are known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, they executed the same on the day the same bears date. Given under my hand this the 25th February, A. D. 1860. (Signed) George M. Hamner, Justice of the Peace."

The certificate of the deed from Oxford to plaintiff Weir was as follows:

"State of Alabama, ⎱ I, D. J. Fraser, notary public in County of Wilcox. ⎰ and for said county, hereby certify that Martha C. Oxford and A. B. Oxford, whose names are signed to the foregoing and who are known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, they executed the same voluntarily on the day the same bears date. Given under my hand this nineteenth day of December, 1870. (Signed) D. J. Fraser, Notary Public and ex-officio J. P., Wilcox county, Alabama."

[Gaston et al. v. Weir.]

The bill of exceptions recites, that defendants moved to exclude these deeds as evidence, because said 9¾ acres (the land in controversy) is not sufficiently described in either of said deeds, and because the land described in each of said deeds does not embrace the 9¾ acres of land in dispute."

JNO. Y. KILPATRICK, for appellants.

A. D. PITTS, contra.

STONE, C. J.—The present suit, as narrowed down by the pleadings, is a statutory real action for the recovery of nine and three-quarter acres of land. It is described as lying and being in the south-east corner of the north-west quarter of the north-west quarter of section one (1), township fourteen (14), range six (6), Cahaba land district. Such is the description in the pleadings. · Each party claims to be a derivative purchaser from Spiva as a common source.

Plaintiff's chain of title is as follows: Spiva conveyed to Ballard in 1859; Ballard to Oxford in 1860, and Oxford to plaintiff Weir in 1870. The description in each of these conveyances is substantially the same. Its language is, "forty-seven and a fourth acres of the west part of the north half of the north-west fourth of section one." It is objected for appellant, defendant below, that this description does not embrace the lands sued for. We can not assent to this. The north half of the north-west quarter—eighty acres—necessarily includes the north-west quarter, forty acres. Forty-seven acres of the west part of north half, must be that much taken off the west end of the eighty acres—and unexplained must be marked off as a parallelogram.—Wilkinson v. Roper, 74 Ala. 140. The deeds not only convey all of the north-west quarter (N. W. ¼) of north-west quarter (N. W. ¼), but prima facie, they convey seven acres off the west side or part of the north-east quarter (N. E. ¼) of the north-west quarter (N. W. ¼). Each of the deeds embraces the land sued for.

After the three deeds were put in evidence, and after the defendant had introduced his testimony, he moved to exclude the said three deeds constituting plaintiff's chain of title, "because said 9¾ acres of land is not sufficiently described in either of said deeds, and because the land described in each of said deeds does not embrace the 9¾ acres of land in dispute." This was the sole ground stated for the exclusion. We have

[Gaston et al. v. Weir.]

shown this ground is untenable, and the Circuit Court did not err in overruling the motion.

It is urged before us, that the deeds were inadmissible in evidence, on account of defects in the certificates, and on some other grounds. The exclusion having been moved for on a single specific ground, this was a waiver of all others, and we can not consider them.—*Jaques v. Horton*, 76 Ala. 238; 3 Brick. Dig. 444, § 574; *Floyd v. State*, 82 Ala. 16. The plaintiff made a *prima facie* case for recovery.

The defense is placed on two grounds: *First*, that Weir, the plaintiff, had devested himself of all title, and therefore could not maintain the suit. In January, 1873, Hugh G. Weir attempted to convey the land directly to his wife, Sarah G. Weir, and executed a deed to her for that purpose. This had no effect or operation as a conveyance of the legal title, but left it in Hugh G. Weir, the husband.—*McMillan v. Peacock*, 57 Ala. 127; *Meyer v. Sulzbacher*, 75 Ala. 423; *Powe v. McLeod*, 76 Ala. 418.

*Second:* Another attempt was made to convey the title in October, 1882. The attempted conveyance in this instance was signed by Sallie G. Weir, the wife, and Hugh G. Weir, the husband, M. C. Weir being named as grantee. This deed is formal in all respects, except that Hugh G. Weir is not named in the body of the instrument as a grantor. This paper is ineffectual to devest title out of H. G. Weir.—*Harrison v. Simons*, 55 Ala. 510; *Hammond v. Thompson*, 56 Ala. 589; *Blythe v. Dargin*, 68 Ala. 370; *Madden v. Floyd*, 69 Ala. 221.

The defense, in its second form, attempted to trace title to Gaston, the defendant, from Spiva, the common source of title. The conveyance from Spiva is dated in December, 1859, and there were regular sub-conveyances down to Gaston. The description, under which it is claimed the land in controversy was conveyed, is in substance the same in each of the deeds constituting this chain. Its language is, "nine and three quarters of an acre lying in the north half of the north-west quarter of section one (1), township fourteen, range six, in Wilcox county, Ala." These deeds, on the objection of the plaintiff, were not allowed to be put in evidence. They were then offered in connection with oral proof, "that the 9¾ acres of land in dispute was the land which it was intended to convey in said first deed The court sustained the plaintiff's objection, and refused to permit defend-

[Lyons v. Hamner.]

ant to show by parol that the land in dispute was the land intended to be conveyed by said first deed."

There can be no question that the deeds, as offered, unaided by other identifying testimony, are void on their faces, on account of the uncertainty of the description of the land intended to be conveyed.—*Pollard v. Maddox*, 28 Ala. 321; *Wilkinson v. Roper*, 74 Ala. 140.

An imperfect description of the subject of the conveyance may frequently be aided and made certain, by oral proof of attendant, explanatory *facts;* but proof of mere *intention* is always inadmissible.—*Hughes v. Wilkinson*, 35 Ala. 453; *Chambers v. Ringstaff*, 69 Ala. 140; *Meyer v. Mitchell*, 75 Ala. 475; *Driggers v. Cassady*, 71 Ala. 529; *Clements v. Pearce*, 63 Ala. 284.

Affirmed.