# Doe, *ex dem.* Dorgan *v.* Weeks.

*Ejectment.*

1. *Description of land in conveyance; parol evidence identifying.*—A deed executed in 1809, "at Fish River in the province of West Florida," conveying "a certain tract of land lying and being at the aforesaid place of Fish River, province aforesaid, commonly known as 'Ward's Old Place,' beginning at a creek which empties itself into said river, and known by the name of Alligator Creek, thence south to a rock fronting on Mobile Bay, calculating in said tract a superficies of one thousand acres or thereabouts," is not void on its face for uncertainty, but the particular tract intended may be identified by the aid of parol evidence.

2. *Sufficiency of parol evidence identifying land.*—When the parol evidence as to the location of the land sued for is conflicting—that is, whether it is included in the part of a larger tract sold and conveyed by plaintiffs' ancestor to defendants', or in the part retained ·by said grantor—its sufficiency is a question for the jury, and the court should not assume its insufficiency by excluding the deed from them.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Edward Dorgan against George W. Weeks and Dorval W. Weeks, to recover a tract of land particularly described in the declaration; and was commenced on the 17th October, 1887. The plaintiff claimed the land under a conveyance from Julia Perez and others, children and heirs at law of Judec Baudin, deceased, who was one of the six children of Henry Baudin; and adduced evidence tending to show that it was part of a tract of land which belonged to said Henry Baudin at the time of his death, called the "Baudin tract," which was divided among his six children, by voluntary partition, in 1873; and that it was included in lot number one, which was allotted to Judec Baudin on that division. The defendants claimed the land as a part of the "Ward tract," which adjoined the "Baudin tract" on the south-west, and which was conveyed to Nicholas Weeks, their ancestor, by said Henry Baudin, by deed dated January 1st, 1809. The plaintiff objected to the admission of Baudin's deed to Weeks as·evidence, on the ground that it was void for uncertainty and indefiniteness in the description of the land conveyed, and because it did not appear on its face to include the land here sued for; and he renewed

[Doe, ex dem. Dorgan v. Weeks.]

this motion after all the oral evidence of identification had been adduced. The rulings of the court overruling these motions, to which exceptions were reserved, are now assigned as error. The opinion of the court states the material parts of the deed, and the substance of the oral evidence.

PILLANS, TORREY & HANAW, for appellant, cited *Gaston v. Weir*, 84 Ala. 193; *Chambers v. Ringstaff*, 69 Ala. 145; *Wilkinson v. Roper*, 74 Ala. 149; *Guilmartin v. Wood*, 76 Ala. 204; 2 Dev. Deeds, §§ 1010-11.

D. C. & W. S. ANDERSON, *contra*.

CLOPTON, J.—The defendants, in order to establish their title to the land sued for, offered in evidence a deed made by Henry Baudin, January 1, 1809, to Nicholas Weeks, their ancestor. The plaintiff objected to the introduction in evidence of the deed, the specified grounds of objection being, that it was void for uncertainty in the description of the subject of conveyance, and that it did not appear from the description itself that it included or covered any part of the land sued for. The court overruled the objection, observing that the defendant might show by parol evidence that the land was included in the description. After reciting that it was made at Fish River, in the province of West Florida, and in consideration of one thousand dollars, the deed describes the land as "a certain tract of land being and lying at aforesaid place of Fish River, province aforesaid, commonly known as 'Ward's old place,' beginning at a creek which empties itself into the said Fish River, and known by the name of Alligator Creek; thence south to a rock fronting on the Bay of Mobile, calculating in said tract a superficies of one thousand acres, or thereabouts." What indefiniteness and uncertainty of description of the property intended to be conveyed is sufficient to render a conveyance void, has been so repeatedly considered by this court, that after the numerous decisions respecting it, the test should now be regarded as settled. A deed will not be declared void on its face, unless it is apparent, from the generality and imperfection of the description, that the land can not be identified by extrinsic evidence. An imperfect description may be rendered certain by parol evidence of explanatory and identifying facts.—*Gaston v. Weir*, 84 Ala. 193; *Meyer v. Mitchell*, 75 Ala. 475; *Angel v.*

*Simpson*, 85 Ala. 53; *O'Neal v. Seixas*, 85 Ala. 80; *Black v. Pratt Co. & C. Co.*, 85 Ala. 504. The deed will be sustained, if it is practicable to ascertain and identify the subject of conveyance by the aid of parol evidence. The deed in question not only designates the land as the tract commonly known as "Ward's old place," but, also, as bounded on the east by a line commencing at Alligator Creek, a natural boundary, and running thence south to a rock fronting Mobile Bay. This description necessarily constitutes the creek the northern extremity, Mobile Bay the western boundary, and the line running southward the eastern boundary. From this description, a competent surveyor, without much difficulty, could locate the land. Deeds containing descriptions more general and indefinite have been sustained.—*Driggers v. Cassady*, 71 Ala. 529; *Trainum v. Wilkinson*, 81 Ala. 408; *Smith v. Dean*, 15 Neb. 432; Dev. on Deeds, § 1012. The settled rule is, that a deed will not be pronounced void for uncertainty of description, if by the aid of parol evidence of extrinsic facts the land intended to be conveyed can be located.—*Black v. Pratt Coal & Coke Co.*, 85 Ala. 504.

It is admitted that there is a tract of land known as the "Baudin tract," and a tract known as the "Ward tract," the latter bounded on the west by Mobile Bay and Weeks' Bay, and adjoining the "Baudin tract." Both tracts were formerly owned by Henry Baudin, the grantor of Weeks. The real point of contention is, whether the land sued for constitutes a part of the Baudin, or of the Ward tract. As relevant to this contention, both parties introduced parol evidence. After all the evidence was introduced, the plaintiff moved to exclude from the jury the deed to Nicholas Weeks, on the ground of uncertainty of description, and on the further ground that the parol evidence failed to show that the land sued for was included in the deed. The extrinsic evidence on the part of defendants tended to show that the "Ward old place" was well known, and that old marks, made by surveyors, indicated the boundaries. There was further evidence tending to show that the place of beginning, as stated in the deed, is at the head of Alligator Creek, or bayou; that the Baudin tract only included the small portion of the land sued for north of the bayou; and that the defendants and their ancestors had claimed and been in adverse possession of the land as a part of the Ward tract, for the past forty or fifty years. There was conflicting

evidence on the part of the plaintiff.   Had the court granted
the motion, and excluded the evidence from the jury, the
ruling would have been the equivalent of passing upon the
effect of the evidence, withdrawing it from the consideration
of the jury, and of an affirmative charge in favor of the
plaintiff.   It is manifest that the evidence on the part of the
defendants, whether slight or otherwise is immaterial, tended
to show that the land sued for was included in the Ward
tract.   The conflict in the parol evidence made a question
peculiarly for the jury, to whom the court properly submitted
its determination.

   Affirmed.