[Birmingham Securities Co. v. Southern University.]

The decree appealed from is reversed to the extent and in the respect indicated, and affirmed in the particular that the demurrer of Hanson and Studdard is sustained. The cause is remanded.

Reversed in part, affirmed in part, and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

# Birmingham Securities Co. v. Southern University.

## Quieting Title.

(Decided April 5, 1911. Rehearing denied April 27, 1911. 55 South. 240.)

1. *Words and Phrases; Constructive Possession.*—Constructive possession is used to denote, sometimes, that legal fiction which extends actual possession of a part of a tract of land to the whole tract, where possession is held under color of title describing the whole tract.

2. *Quieting Title; Evidence.*—The evidence in this case stated and held to establish title to the land in the respondent.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Birmingham Securities Company against the Southern University to quiet title to a particular piece of land. Decree for respondent, and defendant appeals. Affirmed.

FRED S. FERGUSON, for appellant. The map of Forest Hill was an essential part of the description to the same extent as if it had been incorporated in the deed. —*Miller v. Cullum,* 4 Ala. 576; *McGoun v. Lapham,* 21 Pick. 133; *Lampley v. Kennedy,* 25 Wis. 223; *Cov x.*

*Hart,* 145 U. S. 376; Devlin on Deeds, Sec. 1020. Parol evidence was inadmissible to vary the boundary shown in the plat or map.—88 N. C. 336; 23 Wis. 99; 122 Mass. 305; 18 Howard 150. If the description is erroneous a reformation should be sought.—*Brown v. Powers,* 52 South. 647; *Page v. Whatley,* 162 Ala. 472. There was a variance between the answer and the proof of the respondent.—*Meyer Bros. v. Mitchell,* 75 Ala. 475; s. c. 77 Ala. 312. The variance was fatal.—*Marx v. Thweat,* 131 Ala. 341. By giving a description of the land sold at the mortgage sale appellee has estopped itself from saying that it was any other land or lot than that described in its deed to Horton, and in Horton's deed to it.—6 Me. 364; 82 Miss. 372; 75 Mass. 445. A patent ambiguity cannot be helped by averment.—*Chambers v. Ringstaff,* 69 Ala. 140; *Webb v. Elyton Land Co.,* 105 Ala. 471. Where the right is equal, the claim of the party in actual possession should prevail.—Sec. 5995, Code 1907.

HARRY UPSON SIMMS, and DEGRAFFENREID & EVINS, for appellee. Possession actual or constructive is essential, and such possession must be definitely averred.— *Smith v. Gordon,* 136 Ala. 495; *Gallaway v. Hendon,* 131 Ala. 280. To aver one sort of possession and prove another does not establish the bill.—*Holland v. Coleman,* 50 South. 128, and authorities supra. Constructive possession follows the title and so an averment of constructive possession is equivalent to averring that the complainant had the legal title.—*Ladd v. Powell,* 144 Ala. 495, and authorities supra. Upon a statutory answer the defendant is entitled to an adjudication of title in him if his answer and proof so shows.—*Interstate B. & L. Asso. v. Stocks,* 124 Ala. 109; *Collier v. Alexander,* 138 Ala. 245; *Whittaker v. VanHoose,* 157

Ala. 286; *N. C. & St. L. v. Proctor,* 160 Ala. 450. It is immaterial whether the complainant alleges actual possession and fails to prove it, or constructive possession and fails to prove the legal title, the decree will be for the defendant if he sets forth a good title and establishes it.—*East B'ham Realty Co. v. B'ham M. & F. Co.,* 160 Ala. 461; *Vandergrift v. S. M. Land Co.,* 51 South. 983; *Johnson v. Johnson,* 147 Ala. 543. The statute of limitation is not applicable.—*Driver v. Hudspeth,* 16 Ala. 348.

MAYFIELD, J.—Appellant filed its bill against appellee under sections 5443 et seq., Code 1907, to quiet and determine title to lot No. 9, on the south side of Cherry street, in Forest Hill, Jefferson county, Ala.

It has been repeatedly held by this court that a bill under this statute must allege that complainant is in the peaceable possession of the land—peaceable, as distinguished from scrambling. The possession, if peaceable, may be actual or constructive. The complainant, of course, may allege either actual or constructive possession, but must prove the character which he alleges, in order to be entitled to recover. If he alleges possession to be actual, proof of constructive possession would not support the averment; for the same reason, if he alleges his possession to be constructive, proof of actual possession would not support the averment. If the bill alleged peaceable possession only, then proof of either actual or constructive peaceable possession would support the averment. The possession, and the character thereof, are material averments in the bill, and, of course, must be proven as alleged. It is axiomatic that proof of material facts, without allegations thereof, is as fatal to relief as are allegations of such facts without proof. The averment of this bill as to possession is

"that the complainant is the owner, and is now in the constructive possession peaceably" of the lot in question. This is an allegation of the legal title in complainant, which was unnecessary, but, the allegation having been made, proof thereof was necessary to relief, because upon this averment depended the equity of the bill. Besides, alleging that complainant was the owner, it also alleged that it was then in the "constructive possession." As was said by this court, speaking through Dowdell, J. (now Chief Justice) : "It is a legal impossibility for a constructive possession under the statute of uses to vest in the complainant under a deed from one who had no legal estate to convey; the theory of the law being that constructive possession accompanies the legal title."—*Smith v. Gordon*, 136 Ala. 498, 34 South. 839.

Constructive possession follows the legal title; the rightful owner being deemed in possession until he is ousted and disseized. Possession follows the title, in the absence of actual possession adverse to it.—*Woolfolk v. Buckner*, 67 Ark. 411, 55 S. W. 168. The phrase is also sometimes used to denote that legal fiction which extends actual possession of a part of a tract of land to the whole, when the possession is held under a color of title describing the whole tract.—See 2 Words & Phrases. This phase of the definition, however, is not important to this case or decision. It is true that complainant proved actual possession at the time the bill was filed, but that is not what was alleged. It was alleged that it was the owner and had the constructive possession. Mr. Greenleaf says that it is an established rule that the evidence offered must correspond with the allegation and be confined to the point in issue. This rule, of course, supposes the allegations to be material and necessary. Surplusage, therefore, need not be

proven, though averred. Surplusage, some authors say, comprehends whatever may be stricken from the record, without destroying the plaintiff's right of action. "But," continues the writer, "it is not every immaterial or unnecessary allegation that is surplusage; for, if the party in stating his title should state it with unnecessary particularity, he must prove it as alleged."— Greenl. Ev. § 51, appendix 11, citing a number of English authorities, including Stephens on Pleadings, 261, 262. Mr. Daniel says that it is only necessary that the substance of the case made by each party should be proven; but it must be substantially the same case as that which he has stated upon the record.

These rules have been strictly followed by this court as to variance, both in courts of law and of equity. In the case of *Goree v. Clements,* 94 Ala. 337, 10 South. 906, which was a bill to declare an absolute deed a mortgage and to redeem, the allegation was that the mortgage allowed the mortgagor to repurchase "within a reasonable and convenient time," while the proof showed the time agreed on to be, "until he was able to pay," and the variance was held fatal. In the case of *S. & N. A. R. R. Co. v. Wilson,* 78 Ala. 589, it was held that where the allegation relies on a nonfeasance of a certain duty, but the proof shows a malfeasance thereof, the variance is material and fatal. Likewise in the case of *Webb v. Robbins,* 77 Ala. 177, in which it was alleged that complainant owned the lands as her statutory estate, but the proof showed that they constituted her equitable estate, the variance was held material and fatal. Again, in the case of *Munchus v. Harris,* 69 Ala. 506, where the estate was alleged to be a fee, and the proof showed it to be a lesser estate, the variance was held to be fatal.

The case nearest in point is that of *Helmetag v. Frank,* 61 Ala. 67. This involved a bill to foreclose a mortgage against Helmetag and his wife. The bill alleged that the husband was seised in fee. Therefore he and his wife both alleged that he was so seised. But the proof showed that the husband had conveyed to the wife, thereby vesting an equitable estate in her. The equity of the bill was undoubted, and the right to relief under the proof was undoubted, but the allegation and the proof were different, and relief was denied solely upon that ground. Brickell, C. J., in that case said: "To support a final decree, the pleading and proof must correspond, and a variance between them, however clear may be the equity of the complaint, is fatal." The variance was therefore fatal to any relief on final decree.

It is true, as argued by appellant, that a deed containing a description and referring it to a map having lines drawn upon it, and marking natural boundaries, and the natural objects delineated on its surface, should be construed as giving the true description of the land, as much as if the map were marked down in the deed.—2 Dev. Deeds, §§ 1020, 1021. And, when such a map is thus referred to, it is considered a part of the conveyance, and may be referred to for the purpose of aiding the identification, showing the form, and location of the tract.—*Miller v. Cullum,* 4 Ala. 581. It is likewise true as is argued that in case of a patent ambiguity parol proof is not admissible to show what was intended by the writing, but that, if it is a latent ambiguity, the uncertainty may be explained or cleared up by the same kind of proof as that by which the ambiguity is made to appear. The law has been clearly and accurately stated by Stone, C. J., in the familiar case of *Chambers v. Ringstaff,* 69 Ala. 143, 144, as follows: "The distinction between latent and patent ambiguity

has long existed, and the general rule applicable to each class of cases should not be disturbed. *When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, things, etc., this is patent ambiguity, or ambiguity apparent. In such case the rule is clear, and we do not wish to depart from it, that parol proof of what was intended by the contracting parties will not be received. Latent ambiguity exists when, on the face of the paper, no doubt or uncertainty exists, but by proof aliunde the language is shown to be alike applicable to two or more persons, things, etc.* When this is the case, the uncertainty or ambiguity may be explained or cleared up by the same character of proof as that by which it is made to appear. These are familiar principles. But there are cases involving principles which are scarcely referable to either of these heads. They may be styled exceptional shadings of patent ambiguity. They arise when on mere inspection there does appear to be an uncertainty or ambiguity. This frequently grows out of a careless use of language, and sometimes results from the many shades of meaning usage and provincial habit accord to the same word or expression." The respondent's deeds each referred to others and to the map, and some referred to the lots in question (8 and 9), as on "S. Cherry street" and otherwise described the parcel as being "known as the C. B. Rencher lot." We do not think this such a patent ambiguity as to render the deeds void for uncertainty.

It results that the decree of the chancellor must be affirmed.

Affirmed.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.

[Rosenau v. Powell.]

On Rehearing.

PER CURIAM.—All the concurring Justices are of the opinion that a rehearing should be denied, and approve the conclusion affirming the decree of the chancellor; but they do not concur in what is said in the opinion as to a variance between the allegations and the proof, and base their concurrence in the conclusion for affirmance, upon the ground that the respondent established title to the land in controversy, as was decreed by the chancellor.

The application is overruled.