(77 South. 343)

RUSHTON v. McKEE & CO. et al.
(7 Div. 895.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. SPECIFIC PERFORMANCE ⊜═8 — RIGHT TO REMEDY—DISCRETION OF COURT.
Discretion of court in awarding or denying specific performance is not an arbitrary authority, but a sound discretion, regulated as nearly as may be by general rules.

2. SPECIFIC PERFORMANCE ⊜═4—REMEDY AT LAW—EFFECT.
Specific performance will not be had, if the performance, as distinguished from damages or compensation in money for the breach, cannot be of importance to complainant.

3. SPECIFIC PERFORMANCE ⊜═28(1) — CONTRACTS ENFORCEABLE—CERTAINTY.
A contract will not be specifically enforced, unless it is certain in its terms, or can be made certain, under rules of law and evidence; nor can it be enforced if it leaves any of its terms open to future treaty or to be afterwards settled.

4. SPECIFIC PERFORMANCE ⊜═32(1)—MUTUALITY OF REMEDY.
Mutuality is necessary to specific performance.

5. SPECIFIC PERFORMANCE ⊜═29(2)—CONVEYANCE OF LAND—DESCRIPTION—SUFFICIENCY.
A contract to convey certain parts of several sections of land in a certain county and township "ranges 1 & 2 E.," together with the timber rights on 240 acres, more or less, adjoining said above-described tract, cannot be specifically enforced, the descriptions being vague with reference to range.

Appeal from Circuit Court, Talladega County; Hugh D. Merrill, Judge.

Bill in equity by W. W. Rushton against McKee & Co. and others. Decree for respondents, and complainant appeals. Affirmed.

C. S. Ellis, of Talladega, for appellant. W. B. Harrison, of Talladega, for appellees.

MAYFIELD, J. The bill is for specific performance of a contract to convey in fee 1,920 acres of land, and timber rights to 240 acres, described in the bill as follows: "Lands lying and being situate in the county of Talladega, state of Alabama, to wit: S. W.

¼ of Sec. 20, N. W. ¼ of Sec. 29, S. W. ¼ of Sec. 29, part of S. E. ¼ of Sec. 19, part of E. ½ of Sec. 30, S. W. ¼ of Sec. 30, N. W. ¼ of Sec. 31, E. ½ of Sec. 31, Sec. 25, all in Township 21, Ranges 1 & 2 E., and containing in all 1,920 acres, more or less, together with the timber rights on 240 acres, more or less, adjoining said above-described tract."

A demurrer was interposed to the original and amended bills, containing 35 grounds of demurrer. The demurrer was sustained on the ground that the contract sought to be enforced was void under the statute of frauds, and for uncertainty, and complainant appeals.

[1] As early as 1746, Lord Hardwicke said: "The constant doctrine of this court is, that it is in their discretion whether they will decree a specific performance, or leave the plaintiff to his remedy at law." 3 Atk. 388.

This doctrine has been steadily maintained down to the present time. Seymour v. Delancey, 6 Johns. Ch. (N. Y.) 222; Ellis v. Burden, 1 Ala. 458; 2 Story's Equity, 736–742. "The question is not what the courts must do, but what the court may do, under the circumstances." This discretion is not an arbitrary assumption of authority, but a sound discretion, regulated, as near as may be, by general rules. Pulliam v. Owen & Russell, 25 Ala. 492; Sims v. McEwen's Adm'r, 27 Ala. 184; Casey v. Holmes Bott & Earle, 10 Ala. 777.

[2] Specific performance will not be had if the performance as distinguished from damages or compensation in money for the breach cannot be of importance to complainant.

[3] A contract will not be specifically enforced unless it is certain in its terms, or can be made certain, under the rules of law and evidence; nor can it be enforced if it leaves any of its terms open to future treaty or to be afterwards settled. Stanton et al. v. Miller et al., 58 N. Y. 192. A court of equity never interferes, where the power of revocation exists. Express Co. v. Railroad Co., 99 U. S. 191, 25 L. Ed. 319.

[4] Mutuality is necessary to specific performance; that is, the plaintiff cannot enforce against the defendant unless the defendant could enforce against the plaintiff. Marble Co. v. Ripley, 10 Wall (U. S.) 339, 19 L. Ed. 955.

[5] It is, we hold, certain that the trial court properly sustained the demurrer to the original and amended bills. All the complainant could ask would be that the contract alleged be specifically enforced by compelling respondents to convey the property described in the bill. If that should be done, the deed would be absolutely void, on account of indefiniteness and uncertainty as to the property conveyed or attempted to be conveyed. Certainly the court ought not to compel the doing of such a useless thing. It will be observed that certain parts of sections 19, 20, 29, and 30 are particularly described, and the

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land is described as being in Talladega county, and state of Alabama, and as being in township 21, ranges 1 and 2 east. Which sections are of range 1, and which of range 2? Or does the description include the corresponding sections in both ranges? This specification as to ranges renders the whole deed void for uncertainty. Suppose the sheriff should attempt to put complainant in possession of the land thus described. Would he put him in possession of that part of section 19 (township 21), range 1 east, or in possession of similarly described land, as to section and township, in range 2 east? The two tracts are six miles apart. Or would he put him in possession of that part of both sections? And the same is true as to each of the other sections named.

Then, as to timber rights on "240 acres more or less, adjoining said above-described tract." This, of course, is so far incapable of ascertainment as to need no argument to show its incurable vagueness.

The following authorities and reasons show this description to be absolutely void and incapable of being made certain, when in an absolute deed, to say nothing of a mere contract to convey, as to which the statute of frauds would also apply.

When a contract or conveyance, on its face, or aided by judicial knowledge, equally describes two or more persons, things, etc., this is patent ambiguity, or ambiguity apparent. In such a case the rule is clear, and we do not wish to depart from it, that parol proof of what was intended by the contracting parties will not be received. Latent ambiguity exists when, on the face of the paper, no doubt or uncertainty exists, but by proof aliunde the language is shown to be alike applicable to two or more persons, things, etc. When this is the case, the uncertainty or ambiguity may be explained or cleared up by the same character of proof as that by which it is made to appear. These are familiar principles. But there are cases involving principles which are scarcely referable to either of these heads. They may be styled exceptional shadings of patent ambiguity. They arise when on mere inspection there does not appear to be an uncertainty or ambiguity. This frequently grows out of a careless use of language, and sometimes results from the many shades of meaning, usage, and provincial habit, accorded to the same word or expression. Birmingham Co. v. Sou. University, 173 Ala. 122, 55 South. 240.

A description of land by sections, without mentioning the township and range, and without other marks and calls to show what sections are meant, presents a patent ambiguity which cannot be aided by parol proof as to the intention of the parties, or as to the property intended to be embraced. Therefore the plat is void. Chambers v. Ringstaff, 69 Ala. 140; Brannan v. Henry, 142 Ala. 698,

39 South. 92, 110 Am. St. Rep. 36; Phil Campbell Case, 177 Ala. 211, 58 South. 905.

Where a deed referred to a contract of sale and a map for a description of the land to be conveyed, and the contract described the land as 15 acres adjacent to and south of a railroad right of way, and fronting on the river a certain distance, naming it in feet, and being about 370 feet across on the river front, and the map itself did not identify the land, in that it failed to show with certainty the direction of the river or the railroad, the land could not be located without the aid of extrinsic evidence showing the distance and the direction of the lines marked on the map; especially where the contract recited that the grantor would convey the 15 acres whenever it was surveyed by the purchaser and a deed presented. Lovelace's Case, 174 Ala. 154, 56 South. 711. See, also, the cases of Carling v. Wilson, 177 Ala. 85, 58 South. 417, and second appeal, Id., 188 Ala. 543, 66 South. 188, and Chambers v. Ringstaff, 69 Ala. 140, in which the cases are cited and reviewed.

The cases cited and relied upon by appellant, as Minge v. Green, 176 Ala. 343, 58 South. 381, Howison v. Bartlett, 141 Ala. 593, 37 South. 590, Id., 147 Ala. 408, 40 South. 757, and many others adhering to the well-recognized doctrine that a description is valid if it is capable of being made certain, have no application to the case in hand, as we have shown.

We are not unmindful of the well-observed maxim, "That is certain which is capable of being made certain." The trouble here is that under the rules of law and of evidence this description is incapable of being made certain except by making a new contract, with a new description—which the court cannot compel.

It is useless to mention or discuss other defects in the bill, as they were not passed upon by the trial court.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.