18 So.2d 467

**MOSS v. CRABTREE.**

**7 Div. 782.**

Supreme Court of Alabama.

June 15, 1944.

A. E. Hawkins, of Fort Payne, for appellant.

J. D. Pope, of Fort Payne, for appellee.

BROWN, Justice.

After demurrer sustained to the original bill and the bill as amended, the court dismissed the bill, and complainant has appealed.

The original bill was filed to quiet title to a half acre of land alleged to be located in the "Southeast fourth of the southwest fourth, Section thirty (30), Township four (4), Range ten (10) East in DeKalb County, Alabama," allegedly conveyed by the defendant Crabtree and his wife to the trustees of the Oak Grove School, on the 11th of January, 1923, described in the bill and conveyance as "Beginning at a stone in the center of the brow road and following said road 35 yards to the North boundary line of the Southwest fourth of the Southwest fourth, Section thirty (30), Township four (4), Range ten (10), thence following said boundary line west back to the point of beginning, containing one-half acre, situated in DeKalb County, Alabama. This deed is given with the understanding that it is to be used for school purposes only. Should it cease to be used for school purposes the above tract reverts back *to the forty acre tract from which it was taken.* It is further agreed that one R. A. Ellis is prohibited from being or acting trustee of said school. Should he be appointed or act as trustee the title to the above one-half acre tract then and there *reverts back to* the tract from which it was taken." [Italics supplied.]

Subsequent to the above-mentioned conveyance Crabtree and wife by warranty deed conveyed to Nancy J. Dean the "Southeast fourth of the Southwest fourth, Section thirty (30), Township four (4), South of Range ten (10), East, less *1/2 acre on the North boundary line* 35 yards by 70 yards, near center of above tract, containing *39-1/2 acres more or less.*" [Italics supplied.]

Through mesne conveyances following the exact description set out above, the title acquired by Mrs. Dean passed to complainant. The bill alleges that defendant is in possession of the half acre tract and claims title thereto. The school trustees were made parties and filed answer disavowing any claim or title to the half acre tract.

The bill was amended seeking to reform the conveyances, complainant asserting that he had the equitable title only. The demurrer filed by appellee Crabtree takes the point, among many others, that the bill is without equity, and we are of opinion that the point was well taken, for reasons to be now stated.

Disregarding the ambiguity in the description of the half acre tract, in the deed of January 11, 1923, to the school trustees, the condition embodied in the deed is not an exception or reservation to the grantor, but is a condition subsequent and a covenant, by its very terms, running with the land, the tract from which it was taken, and the estate conveyed was defeated by the happening of the event contracted against,—the abandonment of the property by the school authorities for school purposes, and by the terms of the condition reverted to the *tract,* and became the property of the then owner. Lowery v. May, 213 Ala. 66, 70, 104 So. 5.

The complainant as the successor in estate by mesne conveyance can claim the benefit of the abandonment of the school trustees. Miller v. Swann, 89 Ala. 631, 7 So. 771.

This would seem to dispose of the controversy but we go a step further. The description in the conveyance is equally applicable to each half acre tract touching the north boundary line of the forty acres, lying west of the point where said brow road touches the north boundary line, and following the description the line never can reach the point of beginning. The deed was void for uncertainty of description constituting an ambiguity patent. Carling v. Wilson, 177 Ala. 85, 58 So. 417.

Not only this, the reservation or exception in the deed from Crabtree and wife to Dean was void for uncertainty in the description, and that deed passed to Dean the title to the entire forty acre tract. Bromberg v. Smee, 130 Ala. 601, 30 So. 483; Loyd v. Oates, 143 Ala. 231, 38 So. 1022, 11 Am.St.Rep. 39; Frank v. Myers, 97 Ala. 437, 11 So. 832; Smith v. Blinn et al., 221 Ala. 24, 127 So. 155.

A like defect in the description of the land excepted in the mesne conveyance rendered such exception abortive, with the result that the legal title to the entire forty acre tract passed to and vested in complainant, affording him a complete and adequate remedy at law. The bill in both of its phases was, therefore, without equity.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.