163 So.2d 600

**Eula T. McARTHUR**

v.

**Gera TERRELL.**

**6 Div. 43.**

Supreme Court of Alabama.

April 30, 1964.

Rankin Fite and Robt. H. Thomas, Hamilton, for appellant.

Guin, Guin & Cleere, Russellville, and Nelson Vinson, Hamilton, for appellee.

SIMPSON, Justice.

This is an appeal by the respondent from a decree of the Circuit Court of Marion County, in Equity, granting complainant, Gera Terrell, relief in a statutory bill to quiet title. ·

The basis of appellee's claim to the lands in question is a deed to her deceased husband (Houston Terrell) and her, jointly for life with right of survivorship, executed on July 12, 1952, from one H. C. Scoggin and wife Eva Scoggin, which was not recorded until April 23, 1962.

On September 16, 1952, the parties attempted to correct an erroneous description in the above deed by execution and delivery of a purported correction deed.

A mortgage executed contemporaneously with the first deed, was modified only to the extent of the corrected description, leaving the due dates, and interest dates the same, with the following addendum: "This mortgage is made in lieu and to correct that certain mortgage executed by these mortgagors to these mortgagees on the 12th day of July, 1952, same being recorded in Mortgage Book 210, at page 330 in the probate office of Marion County, Ala." The second deed did not expressly state that it was a correction deed, and named only Houston Terrell as grantee rather than both Houston Terrell and appellee as joint grantees with right of survivorship, as was the form of the original deed. The second deed and the two mortgages were allowed into evidence over strenuous objection of appellant.

Appellant is the sister of Houston Terrell, deceased, who died intestate March 27, 1962, and as the mother and father of Houston Terrell were both dead at the time of his death, and there being no other brothers and sisters, appellant is the sole surviving heir at law of Houston Terrell. Therefore, appellant's basis of claim to the lands in controversy is by virtue of the laws of descent and distribution, Title 16, § 1(5), Code of Ala.1940, as amended, subject to the dower interest of appellee. Appellant argues that the deed under which appellee makes her claim to fee simple title is void because the description contained therein is meaningless and conveys nothing, and because the purported correction deed was not properly labeled as such and failed to name appellee as a grantee. Appellant further argues that the original mortgage and the correcting mortgage could not be considered as evidence on the issue, being parol proof and inadmissible.

The twofold issue is therefore resolved as follows: Whether the description in the first deed was sufficient to convey legal title to Houston Terrell and appellee; and if not, could the second deed and the first mortgage and the second corrective mortgage be considered in ascertaining the correct description of the lands in controversy?

In Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576, where land was described simply as "366 South Lawrence Street", the Court cited numerous cases holding and applying the maxim, "That is certain which can be made certain", holding this description valid because it showed a meeting of the minds as to the identity of the property, even though it required parol to discover the exact dimensions. See also Chambers v. Ringstaff, 69 Ala. 140; Carling v. Wil-

son, 177 Ala. 85, 58 So. 417; Nolen v. Henry, 190 Ala. 540, 67 So. 500; East v. Karter, 215 Ala. 375, 110 So. 610; Riggin v. Hogg, 203 Ala. 243, 82 So. 341.

There seems to be no question that where the description is merely indefinite that parol evidence can be resorted to in order to show what land was intended to be conveyed. Reynolds v. Trawick, 197 Ala. 165, 72 So. 378. The Court in the Reynolds case approved the following quotations:

" 'This court has gone as far as any other, in admitting parol evidence to sustain the validity of deeds, assailed upon the ground of indefiniteness in the description of the land, but the rule which we have adopted promotes justice, and does not open the door to fraud and perjury. In all cases, the writing has been sufficient to show a bona fide sale, and conveyance was intended by the parties, and when this appears, no injustice results, if by parol evidence the precise property intended to be conveyed can be clearly identified.'

\* \* \* \* \* \*

" 'In this state it has been settled, by decisions so numerous as to establish a rule of property, that mere indefiniteness in description, though it be such as to render a deed prima facie inoperative, does not necessarily have that effect; that evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the conveyance may be looked to for the purpose of identifying its subject-matter, and that it is only upon the failure of evidence to give certainty to the description that the instrument will be declared void.' It is, of course, well settled that the law leans against the destruction of a deed for uncertainty of description, but will construe the deed, where it can be done consistently with legal rules, so as to give effect to the intention of the parties, and not to defeat it. 'Every deed \* \* \* ought to be so construed,

if it can, that the intent of the parties may prevail, and not be defeated. Pollard v. Maddox, 28 Ala. 321.' "

■ In the case at bar the description of the lands in controversy contained in the first deed was as follows:

"A certain lot or parcel of land in Section 3, Township 11, Range 14, Beginning at the northwest corner of this lot on Military Street, running south parallel with said street to a point 100 feet, Thence east parallel with a private road to a point a distance of 110 feet, thence north about 100 feet to north line of this lot, thence west 110 feet to point of beginning."

The only apparent indefiniteness in the above description is the point of beginning, "Beginning at the northwest corner of this lot on Military Street". The parties thereto apparently attempted correction by a subsequent deed after having a survey run and did properly correct the description in the subsequent mortgage, with no other changed terms. The intention of the parties to the deed is entirely clear, especially when consideration is made of the fact that the grantees went into possession of the land. This fact, as we view it, is determinative of the exact location and description of the lands, and the first deed was not wholly void.

■ Appellee contributed some $11,000.-00 of her own funds toward purchase of this real estate and was instrumental in her deceased husband's purchase of it. She should not be deprived of it because of some mistake a draftsman made in the writing of the second deed to the land, and omitting her name as grantee.

It is also to be noted that the trial court heard all the testimony ore tenus and his decree, unless palpably erroneous, must stand. This principle is so well recognized that no cases need be cited in support of ·it.

Being therefore at the conclusion that the description as contained in the first deed was merely indefinite and capable of being made certain by consideration of parol evidence, the decree of the lower court impresses us as being correct.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.