# Thomas, *et al*, *v.* Cowin.

### *Bill to Carve Out Dower.*

(Decided Jan. 17, 1906.  39 So. Rep. 898.)

1. *Vendor and Purchaser; Effect of Vendor's Wrong; Bona Fide Pur-
   chasers.*—The fact that the owner of land plots and sells
   the same without having the survey of the plot recorded, as
   required by acts 1886-87, p. 93, does not affect the title of an
   innocent purchaser of one of the lots.
2. *Deeds; Description.*—A deed describing land so as it can be made
   certain by extrinsic evidence is not void for uncertainty of
   description.

APPEAL from Birmingham City Court.

Heard before HON. C. W. FERGUSON.

Bill by Cornelia Cowin against Kate Thomas and oth-
ers.  From a decree overruling a demurrer to the bill,
defendant appeals.  The facts sufficiently appear in the
opinion of the court.

WEBB & AMASON, for appellant.—Demurrers 1, 2, 3,
and 4 were improperly overruled as was the motion to
dismiss for want of equity.—§ 1504, code 1896; 36 Ala.
533.  The legal title to the land was in M. F. Carden and
the lands not having been plotted as required by Acts
1886-87, p. 93. the deeds made by Carden and others to
the lot were void.—*Joseph v. Decatur Land Co.*, 102 Ala.

346; *Youngblood v. Trescott,* 95 Ala. 526. The penalty imposed by Sec. 7 of the Acts of 1886-7, p. 93, and continued by Acts 1888-9, p. 53, prevented any title from passing by the deeds under which complainant holds.— *Tillman v. Spann,* 68 Ala. 106; *Lindsey v. Veasey,* 62 Ala. 421.

SMITH & WILLIAMS, for appellee.—The deed will not be declared void for indefiniteness in description and parol evidence was admissible to render certain the description in the deed.—Devlin on Deeds, § 851; Tiedman on Real Property, § 827; *Clements v. Pierce,* 63 Ala. 292; *Sykes v. Shoals,* 74 Ala. 283; *Meyer v. Mitchell,* 75 Ala. 475; *Guilmartin v. Wood,* 76 Ala. 205; *O'Neal v. Seixas,* 85 Ala. 80; *Roman v. Stewart,* 103 Ala. 650; *Cunningham v. Hill,* 119 Ala. 353. The Acts of 1886-87 and 1888-9, have no application.—9 Cyc. p. 552. The purchaser and his grantee are entitled to enforce the contract as innocent parties and purchasers.—*Whetstone v. Bank,* 9 Ala. 884; *Brooklyn Life Insurance Co. v. Bledsoe,* 52 Ala. 532; *Hill v. Freeman,* 73 Ala. 200; *Thornhill v. O'Rear,* 108 Ala. 299; *Dienfenbach v. Vaughn,* 116 Ala. 160; *Electric Light Co. v. Rust,* 117 Ala. 680; *Long v. G. P. Ry. Co.,* 91 Ala. 519.

DENSON, J.—The purpose of the bill in this case is to have a dower interest carved out of the real estate described and set apart to the widow, the complainant in the bill. The bill avers that the husband was seized in fee of the land described during the coverture, and that the complainant has never, by conveyance or otherwise, aliened or relinquished her right to dower in the same. The bill was demurred to, and motion made to dismiss the same for want of equity. Both the demurrer and the motion were overruled, and from this decree the present appeal is prosecuted.

The averments of the bill undoubtedly give it equity. The demurrer proceeds upon the theory that the bill shows that the lot out of which it is sought to crave the dower interest. and which was sold and conveyed to the husband of the complainant during his life, was a lot in

a survey which had been surveyed and platted or mapped by the owner, but not in accordance with the provisions of the act of February 28, 1887 (Acts 1886-87, p. 93), and that, in violation of said act, which by section 7 (page 95) imposed a penalty on the owner of the land for such violation, the contract of sale was void, and consequently passed no title from the vendor to the vendee. The act in question did not declare the contract made in violation of its provisions void, but made it a misdemeanor for the owner of lands to survey and plat and sell in violation of the terms of the said act. It was never intended that it should operate as a snare for the innocent purchaser. The prohibition and the penalty are expressly directed against the owner of the land who violates the statute. On well-settled principles, when the statute makes the doing of an act a misdemeanor, the contract arising out of the act is not enforceable; "yet it is subject to this qualification : that, although the legislature may forbid the doing of a particular act, a party not a privy to it, or involved in the guilt of the transaction, may recover of the guilty actor, unless the act itself is void."—*Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538; *Whetstone v. Br. Bank of Montgomery,* 9 Ala. 875.

In the case cited by counsel for appellants, the attempt was by the guilty actor to enforce a contract made in violation of the statute. So far as the record shows, Cowin, the husband of the complainant, was an innocent purchaser and vendee, and in no sense "involved in the guilt of the transaction." And the same may be said as to his immediate vendor, Houston. We feel no hesitancy in declaring that by the conveyance to Houston, and from Houston to Cowan, the legal title to the land in question passed to the latter. The deed is not void for uncertainty in description. It clearly falls within that class covered by the doctrine of "Id certum est quod certum reddi potest."

We find no error in the record, and the decree will be affirmed.

Affirmed.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.