[Harrelson, et al. v. Harper.]

# Harrelson, *et al. v.* Harper.

## *Ejectment.*

(Decided Feb. 9, 1911.   54 South. 517.)

*Deeds; Description; Parol Evidence.*—Where the deed describes the land as follows, "certain lands situated in section 4, township 21, range 23, in the corporate limits of Dadeville, commencing at an oak tree above the old Jones Blacksmith shop place, on a road leading from Dadeville to Dudleyville, thence along said road until it strikes the corner of land now owned by John McCree, thence, on a straight line to the tanyard springs, thence, to a black gum tree, it being a line tree between said land and Mrs. Shephers' land, thence, in a straight line to the Hatcher line, thence along said Hatcher line, to a house formerly occupied by Gilbert Curry, thence, in a straignt line to the starting point, containing 20 acres more or less," such description is sufficient to authorize parol evidence to identify the land attempted to be conveyed.

(Anderson, J., dissenting.)

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by Lula Emma Harrelson and others against Harriet Harper. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

The description contained in the deed from G. O. Waites and Hattie P. Waites to W. A. Harrelson, the testator of the plaintiff's, is as follows: "Certain lands situated in section 4, township 21, range 23, same being situated within the corporate limits of Dadeville: Commencing at an oak tree above the old Jones blacksmith shop place on a road leading from Dadeville to Dudleyville; thence along said road until it strikes the corner of land now owned by John McCree; thence on a straight line to the tanyard spring; thence to a black gum tree, it being a line tree between said land and Mrs. Shephers' land, the old widow; thence on a straight line to the Hatcher line; thence along said

Hatcher line near a house formerly occupied by Gilbert Curry; thence in a straight line to the starting point—containing 20 acres, more or less, except the half acre Thomas Harper lives on, and three-fifths of an acre on the southeast corner of place." The same description appeared in several other deeds in plaintiff's title. Plaintiff offered to explain and show by parol testimony what lands were included within said description; but, on objection by the defendant, the court declined to permit it.

JAMES W. STROTHER, for appellant. The description of the property in the deeds in this case is not so indefinite and uncertain as to render the deed void, but may be aided by parol testimony so as to identify the property intended to be conveyed, and when so identified is a good conveyance.—*Baucum v. George*, 65 Ala. 259; *O'Neal v. Seixas*, 85 Ala. 80; *Dorgan v. Weeks*, 86 Ala. 329; *Robinson v. Allison*, 109 Ala. 409; *Green v. Dickinson*, 119 Ala. 346; *Cottingham v. Hill*, 119 Ala. 353; *Moody v. A. G. S.*, 124 Ala. 195; *Gaston v. McCord*, 130 Ala. 318; *Seymour v. Williams*, 139 Ala. 414. What was said between Mr. Oliver and the grantor with reference to what property was to be conveyed at the time he was requested to prepare the deed, was of the res gestae and should have been admitted.—*Bank of Guntersville v. Webb*, 108 Ala. 132; *Nelson v. Howison*, 122 Ala. 573; *LaFayette Ry. Co. v. Tucker*, 124 Ala. 514.

LACKEY & BRIDGES, and J. PERCY OLIVER, for appellee. A conveyance of land so inaccurate, vague and indefinite in its description of the premises as to render their identity wholly uncertain, is void, and parol evidence of the intention of the parties cannot be received to cure the deficiency.—*Griffin v. Hall*, 111 Ala. 601;

*Hayes v. Martin,* 144 Ala. 532; *Clements v. Pearce,* 63 Ala. 284; *Bernstein v. Humes,* 71 Ala. 260; *Sturdivant v. Heirs of Murrell,* 8 Por. 317. Parol testimony is not admissible in aid of a description of lands in a deed, unless the deed itself contain the data, or standard, by reference to which it can be aided and made certain.— *Griffin v. Hall, supra; Hayes v. Martin, supra; Burnstein v. Humes, supra.* A plat of lands made by a county surveyor, to be admissible in evidence, without proof of its correctness, must state the contents, courses, distances, and designation at the land office, of any lands conveyed and platted; and the opposite party must have had notice that the survey was to be made.—Code, Sec. 6023; *Boyctt v. State,* 132 Ala.; *Clements v. Pearce, supra; Vandiver v. Vandiver,* 115 Ala. 328.

ANDERSON, J.—This court has gone the full length in admitting parol evidence· to sustain the validity of deeds, assailed upon the grounds of indefiniteness in the description of the land. And as said in the case of *Cottingham v. Hill,* 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923: "The rule which we have adopted promotes justice, and does not open the door to fraud and perjury. In all cases the writing has been sufficient to show a bona fide sale and conveyance was intended by the parties, and, where this appears, no injustice results, if by parol evidence the precise property intended to be conveyed can be clearly identified."—*Chambers v. Ringstaff,* 69 Ala. 140; *Homan v. Stewart,* 103 Ala. 664, 16 South. 35; *Webb v. Elyton Land Co.,* 105 Ala. 471, 18 South. 178. The description of the property conveyed must, however, possess such data as will afford a basis for the parol evidence. It must so designate the property as to enable its identification and location by parol.—*Griffin v. Hall,* 111 Ala. 601, 20

South. 485; 1 Greenleaf on Evidence, § 301. The deeds in question attempt to convey the land by metes and bounds as constituting a particular tract, and the sale was not by quantity. The description by metes and bounds is so indefinite and uncertain as to render it void. The point of beginning is uncertain. There may be many oak trees above the Jones blacksmith shop. Nor does it say how far above the Jones blacksmith shop. Again, the word "above," as used in this instance, is capable of many meanings. One might take it as meaning north, while another might consider it to mean an elevation of the earth, whether north, east, south or west. Aside from this effect, and conceding that there is a definite starting point, some of the directions as to the lines to be followed are too indefinite to afford an accurate survey. It might be that, notwithstanding the particular description was void for uncertainty, the deed could be upheld by parol, if there was such a general description or designation of the close as to render it capable of identification or location by parol; but, with the particular description eliminated from the present deed, all that we could have to locate the land would be by the general description, and which is a certain tract of land within the corporate limits of Dadeville, in section 4, township 21, range 23 Tallapoosa county, containing 20 acres, "more or less." Now, if the deed attempted to convey by quantity instead of metes and bounds, the words "more or less" would not qualify or restrain, but would be construed to meet any small variance in the estimated and represented quantity and restrain the representation, "to a reasonable or usual allowance for small errors in surveys, or for variations in instruments, or as estimated by the parties, and, if the deficiency be relatively large, equity will allow the purchaser a corresponding abate-

ment of the purchase money."—*Terrell v. Kirksey,* 14 Ala. 209; *Couse v. Boyles,* 4 N. J. Eq. 214, 38 Am. Dec. 514. On the other hand, where the land is described by metes and bounds, as was done in the present case, as constituting a specific tract, the statement "more or less" preceding the quantity are equivalent words, qualifying and restraining the representation of quantity, and show that the parties did not regard the number of acres stated as an essential ingredient of the contract, but merely descriptive.—*Hodges v. Denny,* 86 Ala. 226, 5 South. 492. Had the parties conveyed the land by quantity and not by metes and bounds, the case of *O'Neal v. Seixas,* 85 Ala. 80, 4 South. 745, would authorize parol evidence to show that the grantors and their ancestor owned but one 20-acre tract in said section and town, and which would render the description sufficiently definite; but, as the land was sold by metes and bounds and not by quantity, we must construe the deed as intending to convey only certain lands within certain boundaries, regardless of quantity, and not as a conveyance of all of a 20-acre tract owned by them in section 4 in the town of Dadeville.

The foregoing expresses, however, only the views of the writer, as a majority of the court are of the opinion that the description is not void for uncertainty, and can be aided by parol evidence, which the trial court erred in excluding.—*Cottingham v. Hill,* 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923; *Webb v. Elyton Land Co.,* 105 Ala. 471, 18 South. 178. It therefore results that the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, McCLELLAN, MAYFIELD and SAYRE, JJ., concur. ANDERSON, J., dissents.