# Thrasher *v.* Royster.

## *Ejectment.*

### (Decided June 4, 1913.  65 South. 796.)

1. *Deeds; Description; Reference to Maps or Plats.*—A map or plat of land made by the owner for the purpose of sale or other disposition may be constituted as part of a conveyance of a subdivision thereof, although it is not acknowledged, certified and filed as prescribed by section 6028, et seq., Code 1907; but to make such a map or plat a part of such conveyance, there must be a definite, certain reference in the conveyance to a certain existent map or plat showing the lot intended to be conveyed. Unless there is on record when the conveyance is executed a map or plat to which the numbering of the lots made in a conveyance can be certainly referred, the mere numbering of lots in the conveyance will not suffice to render an existent private map or plat a part of the conveyance.

2. *Same; Description.*—The deed considered and held to refer to the numbered lots in the plan of the town of Mountainboro, and not to lots in the grantor's addition thereto.

3. *Same; Parol Evidence.*—Where the exception in a conveyance referred to numbered lots in the plan of a town, and not to lots in the grantor's addition thereto, parol evidence that the lots intended to be excepted were lots of the designated number in the map of the addition, was not admissible, although, where a conveyance refers with certainty to a particular map, parol evidence is admissible to identify it.

4. *Same; Property Conveyed; Evidence.*—A map is inadmissible as original evidence as to a description, where it has not been adopted as a part of a conveyance by references on the face of the conveyance.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by R. T. Royster against Allie Thrasher. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The deed from Bradford & Tidwell as set out in the record conveying certain land to Susan Rogers simply conveys lots 1 and 2 in block B in the town of Mountainboro. Susan Rogers conveyed to S. J. Brewster by the same description. Brewster and wife conveyed to

Royster by the same description; their deed also including other land not involved.   J. J. Patterson and wife conveyed to M. T. Thrasher 20 acres in the N. ½ of S. E. ¼, section 20, township 10 range 5 east, containing 20 acres, or less, lots 3, 4, 5, 6, 7, and 8 in block B in the town of Mountainboro.   Tidwell and Bradford and wife conveyed to J. J. Patterson the N. ½ of S. W. ¼ of S. E. ¼, section 20, township 10, range 5, containing 20 acres more or less.   Stricken from this deed is the following:

"Less lots 1 and 2 in block B, less 1 and 2 in block 12, also including lots 3 and 4 in block 12 in the town of Mountainboro."

And this is the matter stricken as alluded to in the opinion.

CULLI & MARTIN, for appellant.   A deed not purporting to convey land that is being sued for is not admissible to show adverse possession under color of title.—*Mooring v. Tipton,* 126 Ala. 350; *Ledbetter v. Baldwin,* 128 Ala. 418.   The burden of proof in ejectment is on plaintiff and defendant need not prove anything.—*Edmondson v. Anniston C. L. Co.,* 128 Ala. 589.   A void deed void for uncertainty of description cannot answer as color of title to draw possession of the whole from an occupancy of a part.—*Ware v. Dewberry,* 84 Ala. 568.   Errors in description cannot be supplied by parol evidence.—*Donahue v. Johnson,* 120 Ala. 442; *Bromberg v. Yonkers,* 108 Ala. 577; *Bromberg v. Smee,* 130 Ala. 601; *Hereford v. Hereford,* 131 Ala. 572; *Guilmartin v. Wood,* 76 Ala. 209.   Under these last authorities, a grant void for uncertainty in the exception does not destroy the validity of the grant, but the exception fails.

H. T. BAILEY, for appellee.  No brief reached the Reporter.

McCLELLAN, J.—Statutory ejectment by appellee against appellant. The trial was by the court, without the intervention of the jury.  The findings of the court established the basis of the recovery awarded the plaintiff.  The property in controversy was described in the complaint as lots 1 and 2, block B, in the Tidwell addition to the town of Mountainboro, a municipality in Etowah county.

The chief matters of appellant's complaint arises from the reception in evidence, and the interpretation, under parol evidence admitted, of the conveyance executed June 26, 1901, by E. and D. A. Tidwell and S. A. Bradford to J. J. Patterson.  The original of this instrument is certified to this court in accordance with the rule governing that practice.  Among other canceling markings, made in ink, appearing on the face of the instrument, the exception of "lots No. 1 and No. 2 in block B in the town of Mountainboro," with exceptions of other lots similarly referred to, was crossed out in ink. The evidence taken on the trial shows beyond any real basis for doubt that the cancellations particularly mentioned were made after the execution and delivery of the instrument.  So the trial court held. The effect upon the issues of this conclusion of fact was to exclude from the conveyance in defendant's line of title the lots in question; provided, the exception undertaken to be made was valid and effective.  Over defendant's objections parol evidence was admitted to show that the reference in the exception mentioned was to a plat or map of the Tidwell addition to Mountainboro, and that the lots in suit were those described in the exception.

It is urged that a map or plat of an area of land—. made or caused to be made by the owner for purposes of

sale or other disposal—cannot be constituted a part of a conveyance of a subdivision or subdivisions thereof, unless the map or plat is acknowledged, certified, and filed as prescribed by the system provided in Code 1896, § 3899 et seq.; Code 1907, § 6028 et seq. This contention is without merit.—*Thomas v. Cowin,* 147 Ala. 478, 39 South. 898; *East Birmingham Co. v. Birmingham Machine Co.,* 160 Ala. 461, 473, 49 South. 448; 13 Cyc. p. 634; *Reed v. Lammel,* 28 Minn. 306, 9 N. W. 858; *Sanborn v. Mueller,* 38 Minn. 27, 35 N. W. 666; *Ferguson v. Winsor,* 10 Ont. 13; 2 Divlin on Deeds, § 1020. But in order to make a map or plat a part of such a conveyance there must be a definite, certain reference in the instrument to a certain existent map or plat showing the lot or plat intended to be conveyed.—*Doe ex dem. Miller v. Cullum,* 4 Ala. 576; *Birmingham Sec. Co. v. South University,* 173 Ala. 116, 121, 55 South. 240; 13 Cyc. pp. 633, 634; 2 Devlin, § 1020 et seq.; *Proprietors of Kennebec Purchase v. Tiffany,* 1 Greenl. (Me.) 219, 10 Am. Dec. 60; *Chesley v. Holmes,* 40 Me. 536, 546. Unless there is of file or on record when the conveyance is executed a map or plat to which the numbering of lots made in a conveyance can be certainly referred, the *mere* numbering of lots in the instrument will not suffice to render a then existent *private* map or plat a part of the conveyance.—*Chesley v. Holmes, supra; Tiffany's Case, supra.*

If the instrument refers with certainty to a particular map or plat, then parol evidence may be received to identify the map or plat so referred to, notwithstanding it may not be attached to the conveyance or may not be filed or received, or may not have been adopted as an official map or plat.—2 Devlin, § 1022, and other authorities supra. The ruling made in *Stein v. Ashby,* 24 Ala. 521, 530, 531, concluded against the admission of a *map*

[Trasher v. Royster.]

*as original evidence,* unaffected by the factor introduced where there has been an adoption of the map as a part of the instrument by reference made thereto in the face of the conveyance. Where one map or plat is referred to, and thus becomes a part of the conveyance, parol evidence cannot be received to show that *another* map or plat, not referred to in the instrument, was the map or plat intended.—13 Cyc. p. 634; *Chesley v. Holmes, supra.*

The complaint seeks, as stated, a recovery of numbered lots in the Tidwell *addition* to Mountainboro. If we assume, for the occasion, the validity of the exception in the conveyance to Patterson, it must be interpreted as referring to the numbered lots in the plan of said town, not in an *addition* thereto.—*Menkins v. Blumenthal,* 19 Mo. 496. To admit parol evidence to the effect that the lots intended to be excepted, or that were excepted, from that conveyance to Patterson were lots of the designated number in the map or plan of the *addition* to the town of Mountainboro would be to allow testimony in contradiction of the language of the deed. —*Wellington v. Murdough,* 41 Me. 281; *Chesley v. Holmes, supra.*

The court, therefore, erred in admitting parol evidence to the effect that the numbered lots specified in the exception quoted were referable to the Tidwell addition to the town of Mountainboro.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.