## Welden, *et al. v.* Brown.

### *Bill for Partition.*

(Decided January 22, 1914.   64 South. 430.)

*Partition; Bill; Description of Land.*—The allegations of the bill examined and it is held that the description of the land therein sought to be partitioned, was fatally defective for uncertainty, and that there is nothing in the bill affording any legally sufficient data by which the uncertain description might be made certain, and the bill was therefore demurrable.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by A. K. Welden and others against J. H. B. Brown for a partition of certain lands.   From a decree sustaining demurrers to the bill because of uncertainty in the description, complainants appeal.   Affirmed.

ISBELL & SCOTT, for appellant.   The description was sufficient.—*Gaston v. McCord,* 130 Ala. 318.

BRIDGES & OLIVER, for appellee.   The description is fatally defective, and there is nothing in the bill affording any data by reference to which the description may be aided and made sufficient.—*Hunnicutt v. Head,* 60 South. 831; *Griffin v. Hall,* 111 Ala. 601; *Clements v. Draper,* 108 Ala. 213.

DE GRAFFENRIED, J.—This bill was filed for the sale of certain lands described in the bill. The description of the lands sought to be sold is legally insufficient, and is void for uncertainty. The land sought to be sold is described as "225 acres lying on E. ½ of sec. 29, Tp. 21, R. 22, starting at the half-mile stake on the north sec. line, running due *south to a made corner* on the dividing line of said sec., and then running *east* with the cross-fence at the south to a *made corner* at the end of said fence, and then running *south* to the original line."

It is, of course, necessary that, in proceedings of this character, the lands shall be so described in the bill, and in the decree ordering a sale pursuant to the prayer of the bill, that the purchaser shall obtain the title to the lands intended to be sold.—*Griffin v. Hall,* 111 Ala. 601, 20 South. 485; *Hunnicutt v. Head,* 179 Ala. 567, 60 South. 831.

The above description is not only uncertain in itself, but there is, in our opinion, nothing in the bill which affords legally sufficient data by reference to which the uncertain description may be made certain. It is true that the bill alleges that the lands were set aside as dower to Sarah Ann Welden; but the bill *then goes further* and describes the *dower* lands in the same *identical, uncertain way* as the lands are described in the bill, and which description we have above quoted.

The above defect in the bill was aptly pointed out by demurrer, and we are of the opinion that the chancellor properly sustained the demurrer to the bill on the stated ground.

It may be that 225 acres of land were set aside to Sarah Ann Welden as dower, under the above uncertain and void description. If so, a correct description of the lands which were actually set apart to her may probably be obtained by a survey, or by some other

method. The bill can then be amended by *properly* describing therein the lands sought to be sold, and the *identity* of the lands thus *properly* described in the bill as amended can be established by evidence.—*Caston, et al. v. McCord,* 130 Ala. 318, 30 South. 431.

The decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.