# Jones *v.* Wild.

### *Ejectment.*

(Decided February 5, 1914.   Rehearing denied May 21, 1914.
65 South. 349.)

1. *Ejectment; Sufficiency of Complaint; Description.*—The complaint examined and held sufficient as to description within the rule that when the complaint gives sufficient data from which a definite description of the land may be obtained, or such as enables the sheriff to definitely know the lands so that he may place plaintiff in possession in case of a recovery, it is sufficient.

2. *Same; Evidence; Deeds.*—Where the question of boundaries was raised and there was no evidence amounting in law to adverse possession by the predecessors in title of the defendant, and defendant's own title was obtained in 1906, defendant's deeds were properly excluded as they only showed that the boundary was certain lands which unquestionably belonged to plaintiff.

3. *Same; Burden of Proof.*—In ejectment plaintiff must show that he had the legal title to the lands sued for.

APPEAL from Conecuh Circuit Court.

Heard before Hon. A. E. GAMBLE.

Ejectment by W. H. Wild against J. F. Jones.  Judgment for plaintiff, and defendant appeals.  Affirmed.

The description in the complaint of the lands sued for was as follows:

A piece or parcel of land situated, lying, and being in the town of Evergreen, county of Conecuh, and state of Alabama, particularly described as follows:  Commencing on the south side of Rural street, in said town at the northwest corner of block 8, according to the survey of the town of Evergreen made by C. P. Rodgers, civil engineer, and running south along the line of the property of J. B. Ingraham, and property formerly owned by J. H. Farnham & Co., and the property known as the Cooper property, 8 chains and 45 links for a place of beginning; thence in a westerly direction following the meanderings of a fence two acres to a point which is 8 chains and 24 links south from Rural street; thence

[Jones v. Wild.]

south along the line of the property owned by J. T. Williams 1 chain and 26 links; thence east two acres to a point which is 9 chains and 50 links south of Rural street; thence north 1 chain and 5 links to the point of beginning.

The deed from Shipp to Martin of date November 29, 1871, describes the land as an undivided half interest in a certain parcel or lot of land situated in section 3, township 5, range 11, adjoining the survey of the town of Evergreen, and known and described as follows (survey as made by C. P. Rodgers, civil engineer):

Commencing at the northwest corner of block 8 of the said town according to the plat thereof, and running in a southwesterly direction with the boundary line of said block three acres; thence at right angles with said line in a westerly direction two acres; thence at right angles with the last-mentioned line, and parallel with the first-mentioned line, three acres; and thence back to the point of beginning two acres.

The deed contained the usual form of acknowledgment before a notary public.

The other deeds in plaintiff's chain of title described the land as did the deed from Shipp to Martin.

JAMES F. JONES, JAMES A. STALLWORTH, and J. M. CHILTON, for appellant. The complaint was not sufficient, and the court erred in overruling demurrers.—*Griffin v. Hall*, 111 Ala. 601; *Godwin v. Forman*, 114 Ala. 489; 12 Ala. 567; 19 Ala. 626; 33 Ala. 306. The court erred in the admission of deeds, and in the exclusion of defendant's deeds.—*McCrary v. Jackson L. Co.*, 137 Ala. 278. The court erred in directing the verdict.—*Carter v. Fulgham*, 134 Ala. 242; *Peters v. So. Ry.*, 135 Ala. 537.

[Jones v. Wild.]

HAMILTON & CRUMPTON, and PAGE & McMILLAN, for appellee. The lands were sufficiently described in the complaint.—*Chapman v. Holding*, 60 Ala. 523; *T. & C. R. R. Co. v. E. A. R. R. Co.*, 75 Ala. 516; 7 Enc. P. & P. 328; 104 Ill. 235; 86 Cal. 549; *Rayburn v. Elrod*, 43 Ala. 700. The deed from Simmons to Jones was not admissible because the proceedings leading up to its execution was not offered in evidence.—*McEachin v. Warren*, 92 Ala. 534. The deeds to Jones were properly excluded. —*Bolling v. M. & M. Ry.*, 128 Ala. 550; *Black v. R. R. Co.*, 76 Ala. 566.

DE GRAFFENRIED, J.—When, in an action of ejectment, the lands are described with sufficient certainty to enable the sheriff to definitely know what lands to place the plaintiff in possession of, in the event of the plaintiff's recovery, then the lands are described with sufficient legal accuracy in the complaint. Whenever there are given, in a complaint in such a case, legally sufficient data from which a certain and definite description of the lands may be obtained—as, for instance, by a survey—then the law is satisfied, and the description is not void for uncertainty.—*A. K. Welden, et al. v. J. H. B. Brown*, 185 Ala. 171, 64 South. 430; *Griffin v. Hall*, 111 Ala. 601, 20 South. 485; *Hunnicutt v. Head*, 179 Ala. 567, 60 South. 831.

In the instant case the lands sued for were described with sufficient legal accuracy to meet the requirements of the law in such cases.

2. The plaintiff claimed title to the property through the heirs of Edmund W. Martin, who, it was claimed, purchased the property from one Shipp by deed dated November 29, 1871, something over 40 years before this suit was brought. There was abundant evidence tending to show that the lands sued for were included in

the lands described in the Shipp deed, and there was evidence tending to show that the lands sued for were taken possession of by Martin when the deed was delivered to him in 1871, as a purchaser from Shipp. The defendant objected to the introduction of the deed from Shipp to Martin upon three grounds. The first ground was that the deed did not cover the lands sued for; the second, that there was no evidence that Martin ever went into possession of the lands sued for under the deed; and the third was that the instrument "is not self-proving, and *does not describe the land mentioned in the complaint.*" It is plain that the deed from Shipp to Martin was not subject to the grounds of objection which were interposed by the defendant to its introduction in evidence.

3. What we have above said applies to the objections which were made by the defendant to all the other deeds which were introduced in evidence by the plaintiff. They were not subject to the grounds of objection which the defendant interposed to their introduction.

4. The defendant claimed title to the land through deeds which described *his* property as eight acres, etc.—"bounded on the north by the lot now owned and occupied by Mrs. E. W. Martin, and formerly known as the Gen. E. W. Martin place."

5. The appellant, in one of his briefs, makes the following statement:

"It can be gathered from the entire bill of exceptions that the question is one of boundary line between the plaintiff and the defendant."

In this statement we agree with the appellant. We do not find, in the bill of exceptions, any evidence upon which the defendant can claim that his *predecessors* in title ever had *such* possesion and laid *such* claim to the land sued for as, *in law,* amounted to adverse possession.

The defendant's land is known as the Sampey property, and its northern boundary is fixed in every deed.through which the defendant lays claim to the property as the "Martin property." If the defendant's deed and the deeds of his predecessors in title had been admitted in evidence, they would have shown that the northern boundary of the defendant's land was the Martin land, which unequestionably belongs to the plaintiff. They would, in connection with his evidence, have shown that he obtained title to *his* property in 1906, too late for him to have acquired title to the land sued for by *adverse possession,* and, as already stated, there is no evidence of what, *in law,* amounted to adverse possession of the land in dispute by any of the defendant's predecessors in title.—*Kilpatrick v. Trotter,* 185 Ala. 546, 64 South. 589. This being true, the deeds which the defendant offered in evidence would have been of no service to him if they had been admitted in evidence, and the court committed no error in excluding them from the jury.

6. The evidence all showed that the plaintiff possessed the legal title to all of the land which Shipp convey-ed to Martin by the deed dated November 29, 1871. The evidence showed, we think, without dispute, that the land described in the complaint is embraced in that deed. The plaintiff, to recover, was, in this case, under the necessity of showing that he had the legal title to the land sued for, and this, we think, giving to all the evidence a fair and honest interpretation, the plaintiff succeeded in doing by undisputed evidence. The trial court, therefore, in our opinion, properly gave the general affirmative charge to the jury in favor of the plaintiff.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., concur.