# Reynolds, *et al. v.* Trawick, *et al.*

### Ejectment.

(Decided June 8, 1916. 72 South. 378.)

1. **Evidence; Description; Latent Ambiguity.**—The description of the deed stated and considered and held not to render the deed inadmissible in evidence for uncertainty of the description, since any uncertainty therein was a latent ambiguity, explainable by parol evidence.

2. **Appeal and Error; Harmless Error; Evidence.**—The exclusion from evidence of the deed on the ground of uncertainty in description cannot be held harmless, although the proof as made failed to show that the grantor in the conveyance was ever in possession of the property, or had title.

[Reynolds, et al. v. Trawick, et al.]

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Ejectment by John P. Reynolds and others, against Sarah Trawick and others. On account of rulings on the evidence, and judgment of non suit, plaintiff appeals. Reversed and remanded.

LANE & LANE, and E. H. GLENN, for appellants. BARNES & BREWER, and N. D. DENSON, for appellees.

GARDNER, J.—The plaintiffs, appellants here, heirs at law of Harriet Reynolds, brought this statutory action of ejectment for the recovery of a certain lot situated in the city of Opelika, Ala. During the course of the trial the plaintiffs offered in evidence a copy of a deed, made by W. T. Black and A. W. Black, his wife, to "Thomas Haws, trustee for Harriet Reynolds, wife of John Reynolds, during the natural life of Harriet Reynolds, then to the lawful heirs of her body," conveying certain real estate situated in Opelika, described in the deed as follows:

"A certain house and lot being and lying in the town of Ope-like, in the county and state aforesaid, known and distinguished in the plan of the said town and by the original survey, as a part of section (18) eighteen, township nineteen (19) and range (27) twenty-seven, lying between the Opelika and Girard Railroad, and the Columbus Road, it being one-half of the lot where J. H. Smith formerly lived, commencing at the center of the lane adjoining T. F. Flournoy, running west to the railroad, commencing at the center of aforesaid lane running south joining Wm. Murphy's lot, then west to the R. R., containing two acres, more or less."

Previous to offering said copy of the deed, plaintiffs made preliminary proof that Thomas Haws, named trustee in the deed, was a brother of said Harriet Reynolds, and that he died about 25 years prior to the trial; that John Reynolds, husband of Harriet, died about 15 years before the trial, and that Harriet Reynolds died in February, 1910; that plaintiffs were children of said Harriet and John Reynolds; that W. T. Black, the grantor in said deed, resided on said lot and built a house on it, and that Harriet Reynolds and her family moved into the house when Black moved out, which was between 1861-1863, and that Harriet Reynolds and family removed from said lot about 1871 or 1872; and that said lot fronts on Geneva street, on the east, and runs back to the

Girard Railroad. Plaintiffs further proved that Tom Flournoy lived on the lot north of the lot in controversy, and that when Harriet Reynolds and family lived on the lot in question there was a lane between it and the Flournoy lot, which is still there. It was further shown that none of the plaintiffs had the custody or control of the original deed made by W. T. Black and wife to Thomas Haws. When the said copy of the deed was offered in evidence the defendants objected to its admission, on the ground "that the same is void for uncertainty of the description of the real property sought to be conveyed thereby." This was the only ground of objection. The court sustained the objection and refused to admit the copy of the deed in evidence. On account of such adverse ruling, plaintiffs took a nonsuit, with a bill of exceptions.

The only question for determination on this appeal is whether the uncertainty in the description of the real property sought to be conveyed by said deed is a patent or a latent ambiguity. If the former, the court was not in error in excluding the deed in evidence; but if the latter, the ruling of the court in excluding the deed on the specific objection of defendants was erroneous, and must work a reversal. The maxim, "Id certum est quod certum reddi potest," is one which has been given frequent and liberal application by this court for the upholding of imperfect descriptions of this character. In *Cottingham v. Hill*, 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923, it was said: "This court has gone as far as any other, in admitting parol evidence to sustain the validity of deeds, assailed upon the ground of indefiniteness in the description of the land, but the rule which we have adopted promotes justice, and does not open the door to fraud and perjury. In all cases, the writing has been sufficient to show a bona fide sale and conveyance was intended by the parties, and when this appears, no injustice results, if by parol evidence the precise property intended to be conveyed can be clearly identified."

And in *Caston v. McCord*, 130 Ala. 321, 30 South. 431, is the following: "In this state it has been settled, by decisions so numerous as to establish a rule of property, that mere indefiniteness in description, though it be such as to render a deed prima facie inoperative, does not necessarily have that effect; that evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the conveyance may be looked to for

the purpose of identifying its subject-matter, and that it is only upon the failure of evidence to give certainty to the description that the instrument will be declared void." It is, of course, well settled that the law leans against the destruction of a deed for uncertainty of description, but will construe the deed, where it can be done consistently with legal rules, so as to give effect to the intention of the parties, and not to defeat it. "Every deed * * * ought to be so construed, if it can, that the intent of the parties may prevail, and not be defeated.—*Pollard v. Maddox*, 28 Ala. 321."

(1) We are of the opinion, after a careful consideration of the description of the deed here offered in evidence, that it does not present a case of patent ambiguity such as would render it incapable of being aided by parol proof. The location of the house and lot is fixed in the town of Opelika, the section, township, and range being given, and it is shown to be located between the Opelika & Girard Railroad and what is known as the "Columbus Road." It is further designated as "one-half of the lot where J. H. Smith formerly lived." The proof of the plaintiffs showed that one Tom Flournoy lived on the lot north of the one in suit, and that a lane ran between them and back to the railroad. The description designates "the center of the lane" running west to the railroad, commencing at the center of aforesaid lane, and runing south joining Wm. Murphy's lot, then west to the railroad," and further designates the area of the lot as "containing two acres, more or less." While the description designating the lot as "being one-half of the lot where J. H. Smith formerly lived" is silent as to what definite half of the Smith lot is intended to be conveyed, yet it is sufficient when aided by the parol proof offered by plaintiffs and the inferences in the evidence suggested by counsel for appellants in their brief—such as, "the house and lot vacated by W. T. Black and wife at the time Harriet Reynolds and her family moved in," and "the only property owned by the said W. T. Black in the city of Opelika," and "one-half of the lot where J. H. Smith formerly lived," the other half of the Smith lot being then in possession of said Smith, or other parties claiming to own the same, as well as possibly other suggestions unnecessary here to note—to make the identification of the property a question for the determination of the jury.

We are clear to the view that the trial court committed reversible error in excluding the deed from evidence for uncer-

tainty of description.—*Caston v. McCord,* 130 Ala. 321, 30 South. 431; *Seymour v. Williams,* 139 Ala. 414, 36 South. 187; *Minge v. Green,* 176 Ala. 343, 58 South. 381; *Green v. Dickson,* 119 Ala. 346, 24 South. 422, 72 Am. St. Rep. 920; *Chambers v. Ringstaff,* 69 Ala. 140; *Nolen v. Henry,* 190 Ala. 540, 67 South. 500; *Harrelson v. Harper,* 170 Ala. 119, 54 South. 517.

(2) It is insisted by counsel for appellees that if there was error in this ruling of the court, it was error without injury, for the reason that the proof failed to show that W. T. Black, grantor in the conveyance, was ever in possession of the property, or ever had any title thereto. The brief seems to concede that there is a tendency in the proof to show that one William Black was once in possession of the property, but it is insisted that there is no proof to identify William Black as W. T. Black, the grantor. The argument proceeds as if the plaintiffs had completed their case and as if the questions were presented upon the affirmative charge. Such, however, is not the situation. Plaintiffs were not compelled to introduce all their evidence at once. The court excluded the deed from evidence upon one ground only, but upon a ground which went to the very vitals of their case, and this adverse ruling forced the plaintiff to take a non-suit as being the wisest course to pursue.

We think it quite clear that there is here presented no occasion for the application of the rule of error without injury.

The judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.