(78 South. 222)

THRASHER v. ROYSTER.    (7 Div. 874.)

(Supreme Court of Alabama.    Dec. 20, 1917. Rehearing Denied March 23, 1918.)

1 PLEADING ⬤═248(17) — AMENDMENT — DEPARTURE—EJECTMENT.

In statutory ejectment, where an added count expressly averred that the property sued for was the same for which recovery was sought in the original complaint, motion to

strike such added count, on the ground that it was a departure from the original complaint, was properly overruled.

**2. EJECTMENT ☞89—EVIDENCE—IDENTIFICATION OF PROPERTY.**

In statutory ejectment, plaintiff's evidence, tending to show that what were designated as lots 1 and 2 in block B on a map known as the T. addition to the town of Mountainboro were taxed, known, dealt with, and held by the parties as lots 1 and 2 in block B, in such town, was admissible to identify the property, where, under the amended complaint and the deeds offered in evidence, there was no specific reference to any certain map or plat, but merely to description of the property by the number of the lots and the block, in which situated.

**3. EJECTMENT ☞114—JUDGMENT—DESCRIPTION OF LAND.**

Judgment in statutory ejectment, which referred to a count of the complaint, and specifically described the property as set forth in such count, which count sought recovery for "part of lots known as lots 1 and 2 in block B, in the town of Mountainboro, which lies south of the line between the N. W. ¼ of the S. E. ½ of section 20, township 10, range 5 east, and the S. W. ¼ of the S. E. ¼ of section 20, township 10, range 5 east," was not insufficient in its description of the land.

Sayre, J., dissenting. Somerville, Thomas, and McClellan, JJ., dissenting in part.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Action by R. T. Royster against M. T. Thrasher. Judgment for plaintiff, and defendant appeals. Affirmed.

Culli & Martin, of Gadsden, for appellant. Goodhue & Brindley, of Gadsden, for appellee.

GARDNER, J. Statutory action in ejectment by appellee against appellant. The complaint as originally framed sought recovery of lots 1 and 2, block B, of the Tidwell addition to the town of Mountainboro. Upon the reversal of the judgment recovered by plaintiff (Thrasher v. Royster, 187 Ala. 350, 65 South. 796), the plaintiff, at the close of the evidence on the second trial, amended the complaint by adding count 3, which sought recovery for "part of lots known as lots 1 and 2 in block B, in the town of Mountainboro, which lies south of the line between the N. W. ¼ of the S. E. ¼ of section 20, township 10, range 5 east, and the S. W. ¼ of the S. E. ¼ of section 20, township 10, range 5 east," with other more particular description not necessary to be here set out.

[1] It was averred in said count that the same referred to the identical transaction, property, title, and parties as the original complaint. Motion was made by defendant to strike said count. It is insisted that reversible error was committed in overruling this motion upon the ground that the count added by way of amendment was a complete departure from the original complaint. The added count expressly averred that the property sued for was the same as that for which recovery was sought in the original complaint, and there was no error in overruling the motion upon this ground.

During the progress of the trial plaintiff offered in evidence a certain plat book, which was marked, "Tidwell Addition to Mountainboro," limiting its introduction solely for the purpose of identifying the land, and offered proof to show that plaintiff was in the possession of said lots 1 and 2 in block B of the Tidwell addition in February, 1912, under claim of ownership. Plaintiff claimed title under deed from one Brewster, who was placed in possession of the lots by one Susan Rogers, the latter claiming under deed from the firm known as Tidwell and Bradford, who in January, 1901, placed said Susan Rogers in possession of said lots. The deed under which these respective parties claim title to the property sued for described the property as lots 1 and 2, in block B, in the town of Mountainboro. The evidence for plaintiff tended to show that the lots designated on the diagram as lots 1 and 2, in block B, of the Tidwell addition in the town of Mountainboro, were the lots that plaintiff and his predecessors in title were placed in possession of under their respective deeds, which described the lots only as lots 1 and 2 in block B, in the town of Mountainboro, and that, in fact, the lots were situated in the town of Mountainboro; that in the original survey of said town there was no such thing as block B, or lots 1 and 2 in block B, in said town; and, further, that the property was given in by the respective parties for taxation and assessed for taxes under the description as contained in the deeds, i. e., lots 1 and 2 in block B, in the town of Mountainboro. It is thus seen, therefore, that count 3 described the property in this particular as the same was described in the deed to plaintiff, and his predecessors.

On the former appeal of this cause the complaint described the property as by a certain map or plat known as the Tidwell addition, and the effect of the decision on the former appeal was that, whenever a certain designated map or plat is referred to and becomes a part of the conveyance, parol evidence is not to be received to show that another map or plat, not referred to in the instrument, was the map or plat intended. Here such a situation is not presented, as under the amended complaint and the deeds offered in evidence on the second trial there was no specific reference to any certain map or plat, but merely a description of the property by the number of the lots and the block in which situated in the town of Mountainboro. There is no effort to contradict the recitals of the deed, but merely to aid the description in the deed.

[2] The evidence for plaintiff tended to show that what were designated as lots 1 and 2, in block B, on the map known as the

Tidwell addition to the town of Mountainboro, were taxed, known, and dealt with, and held by the parties as lots 1 and 2 in block B, in the town of Mountainboro. We are of the opinion that the evidence of plaintiff was admissible for the purpose of thus identifying the property. Hereford v. Hereford, 131 Ala. 573, 32 South. 620; 2 Dev. on Deeds, 3, § 1016, note 8, and sections 1013A, 1013B, 1013D; Wiley v. Lovely, 46 Mich. 83, 8 N. W. 716; Reynolds v. Trawick, 72 South. 378;[1] Birmingham Sec. Co. v. Southern University, 173 Ala. 116, 55 South. 240; Miller v. Cullum, 4 Ala. 576.

The defendant claimed title from one J. J. Patterson, who claimed title from the same source as did plaintiff, Tidwell and Bradford. The evidence shows that Tidwell and Bradford deeded to Patterson the N. ½ of the S. W. ¼ of the S. E. ¼ of section 20, township 10, range 5 east, containing 20 acres more or less, which embraced the property here sued for, which said deed was executed on June 26, 1901. The deed of Tidwell and Bradford to Susan Rogers to lots 1 and 2, in block B, was executed in January, 1901, and the evidence showed that she went into possession upon the execution of said deed, remaining in possession for a number of years, until she sold the same to Brewster and placed him in possession; that she occupied the property and placed a fence around these lots, and was thus in the actual possession thereof at the time of the execution of the deed by Tidwell and Bradford to Patterson, conveying the 20 acres above referred to. At the time Patterson acquired his deed, it is quite clear that Susan Rogers was in the actual possession of the property under claim of ownership, with actual notice thereof to the said Patterson, and that, in fact, as appears from the testimony of Patterson himself, he did not intend to purchase, made no claim to, and had no notice of the fact that lots 1 and 2 were included in his purchase. The insistence, therefore, on the part of counsel for appellant that one who claims through an unrecorded deed as against a subsequent grantee from the same grantor must have notice is sufficiently answered by this evidence.

[3] It is also insisted that the judgment is uncertain as to description, and therefore insufficient. The judgment refers to count 3 of the complaint, and specifically describes the property as set forth in count 3.

The majority of the court (consisting of ANDERSON, C. J., McCLELLAN, MAYFIELD, JJ., and the writer) are of the opinion that the objection on the ground of the insufficiency of the description is not well taken. Lessley v. Prater, 75 South. 355;[2] Martin v. Howard, 193 Ala. 477, 68 South. 982; Wilder v. Campbell, 72 South. 385;[3] Spears v. Wise, 187 Ala. 346, 65 South. 786; Bradford v. Snead, 174 Ala. 113, 56 South.

532. Justices SAYRE, SOMERVILLE, and THOMAS entertain the view it is insufficient, and therefore dissent.

Upon the other questions treated in this opinion all the Justices concur, except McCLELLAN and SAYRE, JJ., who dissent.

Counsel for appellee call attention to certain irregularities in regard to the appeal, and the condition of the record as to the parties bringing the appeal and assigning errors, insisting that these irregularities suffice of themselves for an affirmance of the judgment. In view of the fact that a consideration of the cause upon its merits results in an affirmance of the judgment, we have considered it unnecessary to treat the question of irregularity referred to.

The holding of the majority results in an affirmance of the judgment.

Affirmed.

ANDERSON, C. J., and MAYFIELD, J., concur. McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur in part and in part dissent. SAYRE, J., dissents.

McCLELLAN, J. (dissenting in part). According to the doctrine of the previous decision in this case (187 Ala. 350, 354, 65 South. 796), the court was in error in accepting evidence, for any purpose, the effect of which was to show that a deed describing certain lots in a certain block "in the town of Mountainboro" could have its effect visited upon lots platted in an addition to the town of Mountainboro. To do so was to allow testimony varying the language of the deed.

