(85 South. 490)

### LITTLE v. THOMAS. (7 Div. 11.)

(Supreme Court of Alabama. Feb. 5, 1920.)

1. **Ejectment ☞64—Description of lands enabling sheriff to place plaintiff in possession sufficient.**

When lands are described in a complaint in ejectment with sufficient certainty to enable the sheriff definitely to know what lands to place plaintiff in possession of in the event of recovery, the description is sufficient.

2. **Trial ☞60(1)—Testimony as to map on file properly rejected where there was no proof of existence of map.**

In ejectment, in the absence of proof of the existence of a map or plat, there was no error in refusing to permit the probate judge to reply to questions to elicit information as to whether a map was on file in his office at a time indicated or at the time of trial.

3. **Trial ☞59(1) — Evidence admissible in view of evidence to follow.**

Although mortgage from defendants in ejectment and deed made on foreclosure of the mortgage to plaintiff purchaser on foreclosure must be aided by parol evidence and the description made sufficiently definite and cer-

tain to enable plaintiff purchaser recovering in ejectment to be put into possession of the lands as described in the complaint, yet, since plaintiff could not make out the whole case at once, when the same was introduced no error was committed in its introduction in evidence over defendants' objection.

4. **Acknowledgment ☞20(3) — Attorney for mortgagee may take acknowledgment of mortgage.**

The fact that the notary public who took acknowledgment of a mortgage acted as attorney or agent for the mortgagee did not impeach his judicial act so as to disqualify him.

5. **Acknowledgment ☞55(1)—Competency of notary cannot be collaterally questioned.**

Question of the validity vel non of a mortgage as respects the competency of the notary who took the acknowledgment must be raised in direct and not in collateral attack.

6. **Witnesses ☞406—Evidence of condition of account of mortgagor admissible to contradict him as witness.**

In ejectment by purchaser on mortgage foreclosure, account of mortgagor as it appeared from the ledger of the corporation in which the mortgagee was interested, the witness testifying that she had checked the books of the firm and found them correct, etc., held competent to contradict the mortgagor, who testified for his wife, defendant, that the money he had in bank at the time in question was applied in payment of the mortgage debt.

7. **Evidence ☞354(2)—Ledger and original books of entry admissible.**

In ejectment against purchaser on mortgage foreclosure, ledger and original books of entry comprising account of mortgagor on books of corporation in which mortgagee was interested held admissible as kept in due course of business.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Ejectment by J. A. Thomas against Mary K. Little and another. From judgment for plaintiff, the named defendant appeals. Reversed and remanded.

J. M. Miller, of Gadsden, for appellant.

The evidence of the witness Herzberg was relevant, and the defendant was entitled to the affirmative charge. 187 Ala. 350, 65 South. 796; 201 Ala. 366, 78 South. 222; 174 Ala. 113, 56 South. 532; 130 Ala. 313, 30 South. 493. It was error to admit the account of Hagin, as it appeared on the ledger. 63 Ala. 494, 35 Am. Rep. 54; 82 Ala. 444, 2 South. 747; 118 Ala. 246, 24 South. 80. The judgment was indefinite. 174 Ala. 113, 56 South. 532.

O. B. Roper and P. E. Culli, both of Gadsden, for appellee.

Being mortgagors, they cannot hold under and against a description of land in the mortgage. 186 Ala. 542, 65 South. 349; 162

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 457, 50 South. 187. The court properly sustained objections to the questions to the witness Herzberg. 187 Ala. 350, 65 South. 796; 201 Ala. 366, 78 South. 222. The court properly admitted the ledger account against the Littles. 155 Ala. 648, 47 South. 82; 131 Ala. 306, 30 South. 775; 96 Ala. 501, 11 South. 633.

THOMAS, J. The appeal is prosecuted from a judgment for plaintiff in a statutory action of ejectment.

The undisputed facts are that on the 13th of March, 1916, E. H. and Mary K. Little (the appellant) executed a mortgage on the lands sued for, to secure the payment of $2,300 to one J. T. Hagin. The debt was evidenced by eight promissory notes, seven of which were for $300 and the last for $200, due respectively in June, September, and December, 1916, March, June, September, and December, 1917, and March, 1918. After the last note had matured, on April 16, 1918, the mortgage was foreclosed under the power contained therein. J. A. Thomas became the purchaser for the sum of $2,567.66, and received a deed to the lands described, executed by the mortgagee in the names of the mortgagors. The judgment rendered on the verdict of the jury was for the lands sued for, viz.:

"Lot numbered A being a certain parcel of land commencing at the west corner of lot numbered thirty-three (33) in block twenty-nine (29), and thence easterly along Norris avenue, a distance of sixty-two and one-half (62½) feet, thence in a northeasterly direction one hundred and twelve and one-half (112½) feet to a stake, thence in a westerly direction thirty-eight (38) feet to an alley, thence in a southerly direction along the line of said alley to beginning point, according to map and plat of the second survey of Alford's addition to Alabama City, in Etowah county, Ala."

The deed from the Bells to John T. Hagin, the mortgage executed by appellant (Little) to said Hagin, and the deed made on foreclosure to J. A. Thomas, contained the foregoing description, except that the words "thence in a northeasterly direction one hundred and twelve and one-half (112½) feet to a stake," in the complaint and judgment, are given in said deeds and mortgage as "thence in a northerly direction one hundred and twelve and one-half (112½) feet to a stake." Appellant's counsel propounded this question: "Was the description in the mortgage and deed sufficient without the aid of parol evidence?" If not, should not defendant's requested general affirmative charge have been given?

On the trial, defendant offered as a witness the judge of probate of said county and asked him:

"Is there on file now or was there on file on the 13th day of March, 1916, a map of lot A, lot No. 33, block No. 29, of the second survey of Alford's addition to Alabama City, in the probate office of Etowah county, Ala.?"

The plaintiff objected to the question, and the court sustained the objection. To this action the defendant duly excepted. Defendant's attorney stated that he offered to show by the witness that there was not on file in his office on the 13th of March, 1916, and that there was not on record in the probate office of Etowah county, at that time or now, any map or plat known as Alford's addition to Alabama City, Ala. Plaintiff objected to the evidence offered to be proved; the court sustained objection and refused to allow the defendant to make the proof by said witness; and to this action of the court due exception was reserved. Phœnix Ins. Co. v. Moog, 78 Ala. 284, 308, 56 Am. Rep. 31; Allen v. State, 73 Ala. 23; B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 286 et seq., 60 South. 262.

[1] In this suit by a purchaser at foreclosure sale under the power contained in a mortgage against the mortgagors holding possession of the lands after foreclosure, is the description contained in the deed, mortgage, and foreclosure deed in evidence, so vague and indefinite and uncertain as that the lands cannot be located without the aid of parol evidence? When lands are described in a complaint with sufficient certainty to enable the sheriff to definitely know what lands to place the plaintiff in ejectment in possession of, in event of recovery, then the description is "with sufficient legal accuracy"; that is, whenever the complaint in ejectment contains descriptive data from which a certain and definite description of the lands may be obtained—as, for instance, by a survey—the law is satisfied. Jones v. Wild, 186 Ala. 540, 542, 65 South. 349; Welden v. Brown, 185 Ala. 171, 64 South. 430; Hunnicutt v. Head, 179 Ala. 567, 60 South. 831; Griffin v. Hall, 111 Ala. 601, 20 South. 485; Reynolds v. Trawick, 197 Ala. 165, 72 South. 378; Goodwin v. Forman, 114 Ala. 489, 21 South. 946.

Of a complaint in ejectment describing the land sued for as "hotel and lot in Notasulga, Ala., now occupied by said R. B. Wilkerson," this court said of a demurrer challenging as insufficient such description of the land contained in the complaint that—

"A description which furnishes the means of making it certain by proof is sufficient. The burden would be on the plaintiff to prove what hotel and lot in Notasulga was occupied by said R. B. Wilkerson at the time the suit was commenced, and with proof of that the description would be made certain." Lodge v. Wilkerson, 165 Ala. 302, 51 South. 609.

The rule of descriptions in conveyances that may be aided by parol has been recently stated by Mr. Justice Anderson as follows:

"As said in the case of Cottingham v. Hill, 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923: 'The rule which we have adopted promotes justice, and does not open the door to

fraud and perjury. In all cases the writing has been sufficient to show a bona fide sale and conveyance was intended by the parties, and, where this appears, no injustice results, if by parol evidence the precise property intended to be conveyed can be clearly identified.' Chambers v. Ringstaff, 69 Ala. 140; Homan v. Stewart, 103 Ala. 664, 16 South. 35; Webb v. Elyton Land Co., 105 Ala. 471, 18 South. 178. The description of the property conveyed must, however, possess such data as will afford a basis for the parol evidence. It must so designate the property as to enable its identification and location by parol. Griffin v. Hall, 111 Ala. 601, 20 South. 485; 1 Greenleaf on Evidence, § 301." Harrelson v. Harper, 170 Ala. 119, 121, 122, 123, 54 South. 517; Head v. Sanders, 189 Ala. 443, 445, 66 South. 621; Reynolds v. Trawick, 197 Ala. 165, 72 South. 378; Terry v. Rich, 197 Ala. 486, 73 South. 76; Nolen v. Henry, 190 Ala. 540, 67 South. 500, Ann. Cas. 1917B, 792; Webb v. Elyton Land Co., 105 Ala. 471, 18 South. 178; Thrasher v. Ryster, 201 Ala. 366, 78 South. 222; Thrasher v. Royster, 187 Ala. 350, 65 South. 796.

It was insisted in a recent case that a plat of an area of ground made by the owner for the purpose of sale "cannot be constituted a part of a conveyance of a subdivision or subdivisions thereof, unless the map or plat is acknowledged, certified, and filed as prescribed" by statute. Our reply was that—

"This contention is without merit, * * * but in order to make a map or plat a part of such a conveyance, there must be a definite, certain reference in the instrument to a certain existent map or plat showing the lot or plat intended to be conveyed." Thrasher v. Royster, supra.

The decision in City of Mobile v. Chapman, 202 Ala. 194, 200, 79 South. 566, 572, contains this statement:

"It has long been declared to be the law that where a map is referred to in a grant or deed as indicating what is intended to be conveyed, it is to be regarded as a part of the conveyance, and may be referred to for the purpose of aiding in the identification of the land showing its form, location, etc. Doe ex dem. Miller v. Cullum, 4 Ala. 576. This rule has since been adhered to by our courts (Birmingham Sec. Co. v. Southern University, 173 Ala. 121, 55 South. 240; Thrasher v. Royster, 187 Ala. 350, 65 South. 796), and is recognized in other jurisdictions. 2 Dev. Deeds, 1020; 13 Cyc. 633, 634. And this is true of a reference to a plat in a description contained in a deed, although the plat so referred to does not conform to statutory requirements as to recordation, etc. Sanborn v. Mueller, 38 Minn. 27, 35 N. W. 666; Reed v. Lammel, 28 Minn. 306, 9 N. W. 858; Ferguson v. Winson, 10 Ont. 13, 23; Dougall v. Sandwich Co., 12 Upper Can., Q. B. R., 59." Thomas v. Cowin, 147 Ala. 478, 39 South. 898; East B'ham. Co. v. B'ham. Mach. Co., 160 Ala. 461, 473, 49 South. 448.

The significant difference in description in the complaint and judgment (calling for a "northeasterly direction one hundred and twelve and one-half [112½] feet to a stake"), and that contained in the two deeds and the mortgage in evidence ("thence in a northerly direction one hundred and twelve and one-half [112½] feet to a stake"), and the further reference as a part of the description "to map and plat of the second survey of Alford's addition to Alabama City," make necessary proof of the existence and purport of such map or plat of the second survey of said addition to said city at the time of the execution of the respective conveyances, and of the further fact that the land described in the complaint and that embraced in the conveyances were one and the same tract. This is aside from the further fact of discrepancy in the description of the starting point indicated in the deed of Bell to Hagin as the "southwest corner of lot numbered thirty-three" and in the other instruments, complaint, and judgment, as the "west corner" of said lot.

[2] Since there was no proof of the existence of said map or plat, no error was committed in refusing to permit Judge Herzberg to make reply to questions eliciting the information whether or not such map was on file in the office of the judge of probate of the county at the time indicated or at the time of the trial.

[3-5] The mortgage from E. H. and Mary K. Little to Hagin and the deed made on foreclosure of the same to the purchaser must be aided by parol evidence and the description made sufficiently definite and certain to enable plaintiff, recovering in ejectment, to be put into possession of said lands as described in the complaint. However, the plaintiff could not make out the whole case at once, and, when the same was introduced, no error was committed in its introduction in evidence over defendant's objection. The lands described in this conveyance did not vary from those embraced in the complaint. The fact that the notary public, O. B. Roper, in taking the acknowledgment to the mortgage, is averred, in objection to its introduction in evidence, to have acted as attorney or agent for the mortgagee in the transaction, was not an impeachment of his judicial act in taking the acknowledgment in question in such sort as to have disqualified him. Chattanooga Nat. B. & L. Ass'n v. Vaught, 143 Ala. 389, 39 South. 215; Monroe v. Arthur, 126 Ala. 362, 28 South. 476, 85 Am. St. Rep. 36; Hayes v. Southern Home Building & Loan Ass'n, 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216; McKenzie v. Hixon, 201 Ala. 413, 78 South. 791. The question of the validity vel non of the instrument as respects the competency of the officer taking the acknowledgment must be raised in a direct and not a collateral attack. Qualls v. Qualls, 196 Ala. 524, 526, 72 South. 76.

[6] The tenth assignment of error challenged the ruling of the court in admitting in evidence, against defendant's objection, the account of mortgagor Little as it appeared

upon the ledger of the Brown & Hagin corporation. The witness Smith testified that she had checked the books of said firm at the time of making the entries and found them correct; that from the time of the execution of the mortgage to June 1, 1916, E. H. Little had paid said firm $4,003.70 for merchandise, and still owed them a balance of $1,060.30. This was competent evidence tending to contradict said Little, who testified as a witness for the defendant, his wife, that the money he had in the bank at or about the time in question, and before said foreclosure sale, was applied to the payment of said mortgage debt. Such evidence tended to show that said witness' account in said bank, introduced in evidence by defendant, was not used as testified by him and witness Ford, an employé of the Alabama Bank & Trust Company, but was used, or a large part thereof, in the purchase of whisky to the amount indicated.

This court has recently discussed account book entries kept in the due course of business (Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 South. 479), saying:

"The evidential effect of account book entries between the parties, under section 4003 of the Code, is declared in Donaldson v. Wilkerson, 170 Ala. 507, 54 South. 234; Dickens v. Murray & Peppers, 163 Ala. 556, 50 South. 1019; Murray & Peppers v. Dickens, 149 Ala. 240, 42 South. 1031; Sharp v. Blanton, 194 Ala. 460, 69 South. 889; Loveman, Joseph & Loeb v. McQueen, 82 South. 530. And of entries made in the due course of business as evidence of collateral facts in a suit between third persons was recently declared in Sharp v. Blanton, supra; Shirley v. Sou. Ry. Co., 198 Ala. 102, 73 South. 430, 433; and Loveman, Joseph & Loeb v. McQueen, supra."

[7] There was no error in permitting the ledger and original book of entry in evidence against defendant's objection.

The failure to establish the existence of the map in question and the identity of the lands described in the several instruments warranted the giving of the affirmative charge for the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.